## Commonwealth v. Cundiff.

(Decided June 13, 1912.)

### Appeal from Wolfe Circuit Court.

1. Indictments—Filing Away—Order Defined.—An order filing away an indictment is, in effect, to continue indefinitely or dispense with the prosecution.

2. Indictments—Courts—Authority.—The court is without authority to dispense with the prosecution of a crime, where the indictment is good on demurrer; and, it was in error in ordering an indictment filed away, at the request of the prosecuting witness and her relatives.

3. Indictments—Prosecuting and District Attorneys—Powers and Duties.—It is the duty of the Commonwealth's Attorney, or in his absence, the county attorney, to prosecute all violations of the criminal and penal laws within his district, and he is without power to dispense with prosecutions, unless his reasons therefor are reduced to writing, signed by him, presented to and approved by the trial court, spread upon the order book, and an order entered in accordance therewith.

JAMES GARNETT, Attorney General, D. O. MYATT, Assistant Attorney General for appellant.

G. B. STAMPER, O'REAR & WILLIAMS for appellee.

Opinion of the Court by Judge Lassing—Reversing.

At the September term, 1911, of the Wolfe Circuit Court, the grand jury returned an indictment against Leonard Cundiff, charging him with the crime of having carnal sexual intercourse with a female, under sixteen years of age. The accused appeared in court and deposited $500 in the hands of the trustee of the jury fund, in lieu of bail. The case was set for trial for the 7th day of the succeeding term of court. Upon January 23, 1912, an attachment issued, at the instance of the Commonwealth, for Anna Cundiff, Laura Cundiff and Willie Cundiff. On the 26th day of January, following, the accused filed the affidavit of Anna Cundiff, in which she states in substance, that she is the daughter of Willie and Laura Cundiff, that she is sixteen years of age and resides with her parents, that she was delivered of a child on August 25, 1911, that the accused is the father of her child, that he is her cousin, that they lived near each other and were associated with each other a great deal, that when the matter complained of in the indictment occurred, she and the accused were young and did not realize the enormity of their crime, that she has, by reason thereof, suffered great humiliation and remorse, and is in a weakened physical condition, and she does not believe that she can stand the strain on her health and mind, should she be compelled to appear in open court and testify, and asked to have the charge against the accused dismissed. The accused also, at the same time, filed the affidavit of Willie and Laura Cundiff, the father and mother of the girl, in which they asked that the prosecution be dismissed. Upon the filing of these affidavits, the court, upon its own motion over the objection of the attorney for the Commonwealth, ordered the indictment filed away and directed the money, which had been placed in the hands of the jury commissioner by the accused, be returned to him and the accused discharged. Feeling that the court was without authority to file the indictment away, over his objection, the Commonwealth Attorney prayed, and has prosecuted, this appeal.

The sole question is: May the court on its own motion, by filing the indictment away, prevent the prosecution of one charged with a crime? For the purposes of this case, it may be conceded that the motive actuating the court was good. His sympathy for this unfortunate girl and the feelings of her father and mother, no doubt, induced

him to take the step which he did. But, in matters of this kind, courts must be governed in their action, not by sympathy, but by the rules of procedure made and adopted for their guidance. We know of no authority anywhere given to the court to control, or direct the dismissal of the prosecution, where the indictment upon which it is based is good. Section 118, Kentucky Statutes, provides:

"It shall be the duty of the Commonwealth's Attorney to attend each circuit holden in his district, and prosecute all violations of the criminal and penal laws therein, and discharge all other duties assigned him by law."

Under the authority of this statute, he is given practical control of all criminal prosecutions. He is the chosen representative of the State. If for any reason, he sees fit, he can dismiss an indictment, provided he proceeds according to section 123, Kentucky Statutes, which provides:

"Before the court shall permit any Commonwealth's or county attorney to dismiss any indictment or enter a nolle prosequi in any case, such attorney shall file a statement, in writing, setting forth the reason for such dismissal or such failure to prosecute which statement shall be signed by the Commonwealth's or county attorney, as the case may be, and spread upon the order book of the court, and an order entered in accordance therewith."

This provision of the statute makes plain: First, that where an indictment, for any cause, is to be dismissed or filed away, it can only be done upon motion of the Commonwealth's Attorney, or the county attorney who may be acting for him; and second, that it cannot be done by even the Commonwealth's or county attorney, except the reasons therefor be reduced to writing, and the court, upon having considered the reasons upon which the discontinuance of the prosecution is sought, gives his consent that it may be done. A prosecution by indictment is a litigation in which the State is plaintiff or complainant, and is represented by the Commonwealth's Attorney. The judge does not represent the State, any more than he does the defendant in the prosecution. His right to control the prosecution goes only to the extent of determining whether or not the indictment is good on demurrer. If he holds it to be a good indictment, he is without power to direct its dismissal. Nor, does the fact that

the injured party, or those who would naturally be aggrieved because of the wrongs complained of in the indictment, want the prosecution dismissed, change the situation. The prosecution is not for their benefit, but for the public good. While the party, who has suffered the immediate wrong at the hands of the accused, may be of material aid to the Commonwealth in imposing upon the accused the punishment, which his offense merits, she is without power to direct or control the prosecution, much less to have the court discontinue it.

The action of the court in filing away the indictment had the effect to continue indefinitely the case, and, for all practical purposes, defeat the Commonwealth in its effort to bring to justice one charged with the commission of a serious crime, and this, at a time when the representative of the Commonwealth was demanding that he be given an opportunity to proceed with the prosecution. To uphold such a ruling, would be to put it in the power of a court to defeat the ends of justice at any time, where it was shown that the injured party did not desire the case prosecuted. If such a rule obtained, where one had committed a crime, it would only be necessary for him to procure the consent of the injured party or of the relatives of the injured party, that the prosecution should be dismissed. Thus, a premium would be placed upon crime; for, not only would the original crime go unpunished, but the action of the court would be frequently brought about by the practice of corrupt or improper methods in procuring from the prosecuting witness, or her relatives, the desired request that the prosecution be terminated or discontinued. The mere statement of the condition, which such a course of practice might produce, is sufficient to condemn it. In filing away the indictment, the trial judge erred.

The case is reversed, and remanded with directions that the indictment be placed upon the docket, a bench warrant issue for the defendant, and the trial proceed as though the order filing it away had not been entered.