PEOPLE v STEWART
PEOPLE v REDRICK
PEOPLE v HOLIDAY

1. DRUGS AND NARCOTICS—POSSESSION—USABLE AMOUNT—FELONY—
MISDEMEANOR.

A prosecutor is not left with the option of charging a defendant as a misdemeanant if the court dismisses the charge of possession of heroin because of insufficient amount if the usable amount rule is viable; the prosecutor must still prove a remnant of a usable amount, and if the amount of heroin is not sufficient to support a felony charge, a mere reduction to a misdemeanor does not make the quantity evidentially sufficient.

2. DRUGS AND NARCOTICS—POSSESSION—USE AND ADDICTION.

Heroin is not among the substances listed in the misdemeanor grade of the offense of possession under the controlled substances act (MCLA 335.341[41][4][c][d]).

3. DRUGS AND NARCOTICS—POSSESSION—USE AND ADDICTION—LESSER
INCLUDED OFFENSE.

Unlawful use and addiction, under the controlled substances act, is not a lesser included offense of possession (MCLA 335.341[5]).

4. CRIMINAL LAW—DISMISSAL OF CHARGE—PROSECUTING ATTORNEYS—
DISCRETION.

The weight of authority holds that dismissal of a criminal charge is in the sole discretion of the prosecutor, subject only to the requirement of sufficient evidence; therefore, where the issues involved are not related to sufficiency of evidence, dismissal by a judge is not permitted over the prosecutor's objection, absent a permissive statute.

5. COURTS—CIRCUIT COURTS—CRIMINAL LAW—PROSECUTING ATTOR-
NEYS—DISMISSAL OF CHARGE.

A circuit judge does not enjoy supervisory power over a prosecut-

REFERENCES FOR POINTS IN HEADNOTES
[1–3, 6–9] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 16, 17.
[4–7] 21 Am Jur 2d, Criminal Law §§ 514, 516.

ing attorney; therefore a trial judge exceeded his authority where he dismissed cases, in which the defendants were charged with possession of less than three grains of heroin, over the prosecutor's objection and in the absence of statutory authorization to do so, in order to clear the docket and reduce expenses.

6. Drugs and Narcotics—Heroin—Possession—Usable Amount— Dismissal of Charge.

The prosecutor is deprived of the opportunity to prove that an amount of heroin less than three grains is a remnant of a large usable amount where a trial judge follows a policy of dismissing cases of possession in which the amount charged is less than three grains.

7. Drugs and Narcotics—Heroin—Usable Amount—Dismissal of Charge.

Dismissal of cases involving less than three grains of pure heroin violates the judge's purpose of dismissing in *de minimis* cases since heroin is normally diluted and the powder which reaches the street purchaser is often about three percent pure; thus a less than "three-grain" policy permits possession of up to 16 doses with impunity.

8. Drugs and Narcotics—Possession—Quantity.

The crime of possession of a drug does not require the quantity of the drug to be sufficient to produce a drug effect; accordingly, quantitative analysis of the purity of the seized drug need not be offered.

9. Drugs and Narcotics—Possession—Proof.

Illegal possession of a controlled substance requires proof that a defendant exercised control or had the right to exercise control over the controlled substance, that he knew the proscribed substance was present, and knew the substance was proscribed, and that the substance, according to all the facts and circumstances in the case, could be reasonably inferred to be a remnant of a usable amount.

Appeal from Recorder's Court of Detroit, George W. Crockett, Jr., J. Submitted Division 1 April 8, 1974, at Detroit. (Docket Nos. 16747, 16963, 16964.) Decided April 22, 1974. Leave to appeal applied for by defendants Redrick and Holiday.

Donald Stewart, Jr., Ronnie Redrick, and Wilburn Holiday were charged with possession of heroin. Prosecutions dismissed. The people appeal by leave granted. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Division, and *Michael R. Mueller,* Assistant Prosecuting Attorney, for the people.

*Harris, Stein & Hooberman,* for defendant Stewart.

*Owen J. Galligan,* for defendant Redrick.

*Durant, Talbot, Grant & McQuarrie,* for defendant Holiday.

Before: J. H. Gillis, P. J., and Holbrook and Van Valkenburg,* JJ.

J. H. Gillis, P. J. Two defendants, charged with possession of heroin, MCLA 335.341; MSA 18.1070(41), were bound over for trial after preliminary examination; the third was bound over after waiving preliminary examination. After the informations had been filed but before trial, over prosecutorial objection, the trial judge dismissed each case, stating:

"And if it's less than three grains,[1] according to my prior policy statement, the case is going to be dismissed without prejudice to your right to prosecute it as a misdemeanor."

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] The judge apparently dismisses when less than three grains of *pure heroin* is charged, requiring both quantitative and qualitative analysis.

The court indicated that minor narcotic cases create docket control problems:

> "But all I am telling you, and I am just repeating myself, I think essentially it's a problem of docket control in this court; essentially it's a problem of whether or not you are really getting to the bottom of the narcotic trade, by running through this parade of addicts. And that's exactly what we have been doing on this bench for the past six years. And I think it's time you did something differently.
>
> "I don't know how many narcotic cases we have in this court. I don't know what the median amount is in which we have charged possession. But I think a review of our files would indicate what the median is. And we could then realistically decide administratively what will be the cutoff figure for misdemeanors and the beginning of the felonies. But unless and until we can get the three branches together to work that out, then I think each judge is going to have to decide for himself. And that's all I am saying."

We granted leave to appeal.

## I

Appellant claims that dismissal over objection for "nonlegal" reasons violates the doctrine of separation of powers. Const 1963, art 3, § 2. First, he claims dismissal infringes on the prosecutor's executive function. The prosecutor, an official of the executive branch, "alone makes the decision to bring a criminal charge", a decision not subject to judicial review. The three-grain policy precludes charging a felony, a prohibited intrusion on the executive function. The prosecutor claims that *Genesee Prosecutor v Genesee Circuit Judge,*[2] 386 Mich 672; 194 NW2d 693 (1972), controls.

Next, appellant contends that dismissal en-

---

[2] Hereinafter referred to as *Genesee I.*

croaches on legislative powers. To require that three grains of pure heroin be charged rewrites the statute, which currently makes possession of any amount a felony.

Appellees counter that the prosecution has confused the court's inherent authority to *dismiss* defective charges with the prosecutor's discretion to initiate prosecution. *People v Karcher,* 322 Mich 158; 33 NW2d 744 (1948), and *Barnard v Judge of Superior Court,* 199 Mich 227; 165 NW 833 (1917), recognize the trial court's authority to dismiss after bind-over. Once the decision to prosecute is made, appellees argue, the process leading to acquittal or sentencing is fundamentally judicial. The power to dismiss must be independent of the executive. Unless that is true, the executive intrudes on judicial functions. Appellees further contend that *Genesee I* is distinct because the court added a count, exceeding its powers, rather than reduce the charge, a judicial prerogative.[3]

We note at the outset that the trial court's instruction that the prosecutor might recharge these defendants as misdemeanants is specious. For, if the "usable amount" rule is viable, the opportunity to recharge defendants as misdemeanants is simply not open. A mere charge reduction from felony to misdemeanor does not relieve the prosecutor from proving a remnant of "usable amount", since the constitutional guarantees apply to all offenses, not just felony-grade. If the amount is not sufficient to support a felony charge, a mere reduction to a misdemeanor does not make the quantity evidentially sufficient.

Further, MCLA 335.341; MSA 18.1070(41) limits the misdemeanor grade of the offense of possession

[3] *See, however, Genesee Prosecutor v Genesee Circuit Judge,* 391 Mich 115; 215 NW2d 145 (1974).

to certain controlled substances. Heroin is not listed therein. MCLA 335.341(41)(4)(c)(d); MSA 18.1070(41)(4)(c)(d). Nor is an unlawful use and addiction a lesser offense of possession since "use" is a distinct element not present in the higher charge. *Cf.* MCLA 335.341(4); MSA 18.1070(41)(4), MCLA 335.341(5); MSA 18.1070(41)(5).

First, we consider the issue as appellant framed it: Does the trial court err reversibly by dismissing charges, over prosecutorial objection, for "nonlegal" reasons?

In certain jurisdictions the prosecutor's consent to dismissals "in furtherance of justice" is not required. Cases interpreting these statutes permit the judiciary to prevent prosecutions even on sufficient evidence. The A.L.I. Proposed Model Penal Code, § 2.12 (Proposed Official Draft, 1962), authorizes judicial acquittal of *"de minimis* violations".[4]

*Ex Parte Bargainier,* 113 Tex Crim 495; 23 SW2d 365 (1929), in the minority, recognizes an inherent authority to dismiss over prosecutorial objection. Other states recognize the court's right, but only in the presence of a permissive statute. *State v Keep,* 85 Or 265; 166 P 936 (1917); *Noble v United States,* 190 Fed 538 (CA 9, 1911); *State v Kiewel,* 166 Minn 302; 207 NW 646 (1926); *State v Anderson,* 119 Tex 110; 26 SW2d 174 (1930).

However, the weight of authority holds that dismissal is in the prosecutor's sole discretion (subject to the exception hereinafter stated). Dismissal over his objection, absent a permissive statute, is precluded. *People v McLeod,* 25 Wend (NY) 483; 1 Hill (NY) 377; 37 Am Dec 328(1841); *People*

---

[4] Miller, *Prosecution: The Decision to Charge a Suspect with a Crime,* 334–337. The A.L.I. survey of these statutes indicated 14 states had similar statutes, A.L.I. Code of Criminal Procedure, 895 (1930); Miller, *supra,* 335, fn 162. *See also:* Newman, *Conviction: The Determination of Guilt or Innocence without a Trial,* 148–151.

*v Bennett,* 49 NY 137 (1872); *People v Beckwith,* 2
NY Crim Rep 29 (1884); *Commonwealth v Hart,*
149 Mass 7; 20 NE 310 (1889); *Commonwealth v
Cundiff,* 149 Ky 37; 147 SW· 767 (1912). Only where
the evidence is insufficient has the court the power
to dismiss over prosecutorial objection. *Com v
Cundiff, supra; cf. People v Gaige,* 23 Mich 93
(1871); *State ex rel Ronan v Stevens,* 93 Ariz 375;
381 P2d 100 (1963); *San Miguel v McCarthy,* 8 Ariz
App 323; 466 P2d 22 (1968). Even, as in Michigan,
when the judge may veto the prosecutor's decision
to nolle prosequi, he lacks the power to dismiss on
his own motion over prosecutorial objection.[5]

Accordingly then, the factors cited, not related
to evidentiary sufficiency, do not permit dismissal
absent the prosecutor's consent. See *e.g., State v
Sonneland,* 80 Wash 2d 343, 351; 494 P2d 469, 473
(1972), Hale J., dissenting; 69 ALR 240 "Power of
Court to Enter Nolle Prosequi or Dismiss Prosecu-
tion"; 21 Am Jur 2d, Crim Law § 517. We read
*Genesee Prosecutor v Genesee Circuit Judge,*[6] 391
Mich 115; 215 NW2d 145 (1974), limiting a judge's
power to accept guilty pleas over prosecutorial
objection, as controlling.[7]

*Genesee II* explains a magistrate's finding of
probable cause is reviewable by a circuit judge. If
the evidence does not show commission of the
charged crime and probable cause for charging
defendant, the judge may dismiss the charge. *Bar-
nard v Judge of Superior Court, supra.*

---

[5] Miller, *supra,* fn 166.

[6] Hereinafter referred to as *Genesee II.*

[7] *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672; 194
NW2d 693 (1972), first saw the issue as one of separation of powers.
*Genesee II* does nothing to. dispel that view. Indeed, in considering a
similar issue the Seventh Circuit in *Goldberg v Hoffman,* 225 F2d 463
(CA 7, 1955), cites no less an authority than *Marbury v Madison,* 1
Cranch 137; 2 L Ed 60 (1803), to conclude that dismissing a prosecu-
tion otherwise evidentially sufficient violates separation of powers.

After preliminary examination, explains the Court in *Genesee II,* the prosecutor has the duty to examine all the facts and circumstances. If he decides not to file an information, he must file a statement indicating reasons in fact and law which the judge may thereafter review along with all the evidence. MCLA 767.41; MSA 28.981. *Genesee II* explains the judge's function as follows:

"In deciding whether an examining magistrate acts properly in binding or in refusing to bind over an accused person, and in deciding whether a prosecuting attorney acts properly in deciding not to file an information or in proposing to nolle prosequi, discontinue or abandon a prosecution, the circuit judge reviews the action of the magistrate and prosecuting attorney on the record—the record made before the magistrate at the preliminary examination, and the prosecutor's statement of reasons and 'the evidence filed in the case'. Such review is a judicial review, searching the record to determine whether the magistrate's or prosecutor's decision is in accord with the law, facts and reason of the matter.

"A circuit judge *does not enjoy supervisory power over a prosecuting attorney. He may reverse a magistrate's decision only for abuse of discretion.* He may not properly substitute his judgment for that of the magistrate or prosecuting attorney as if he were reviewing the magistrate's decision *de novo* or acting in a supervisory capacity with respect to the prosecuting attorney. *He may reverse or revise their decisions only if it appears on the record that they have abused the power confided to them." Genesee Prosecutor v Genesee Circuit Judge, supra,* p 121. (Emphasis supplied.)

Although the trial judge lacked the benefits of *Genesee II,* we conclude, in the absence of statutory authorization, and in light of *Genesee II,* that he exceeded his authority in dismissing these cases to clear the docket and reduce expenses.

## II

Did the trial judge abuse his discretion in finding the amounts charged evidentially insufficient to support the crime charged?

The judge concluded that an amount less than three grains is insufficient to support a felony charge according to his interpretation of this Court's precedents. Defendant Redrick was charged with possession of 2.987 grains (.1936 grams) of heroin, defendant Holiday with 2.67 grains (.18405 grams) of heroin, and defendant Stewart with 1.9 grains (.13 grams) of heroin.

In *People v Harrington,* 33 Mich App 548; 190 NW2d 343 (1971), the Court adopted the so-called "remnant" test:

" * * * the facts and circumstances in each case be viewed to determine if it can be reasonably inferred that the quantity of narcotic actually discovered is but a remnant of a larger, usable amount. If that inference can be made, illegal possession is established."

The Court reasoned that this test is a just compromise between the expressly rejected majority view, holding any quantity of narcotic suffices, and the minority view, requiring a quantity sufficient for common use. This remnant test was thought to balance the need for effective law enforcement and individual rights.

Next, *People v Jones,* 38 Mich App 512; 196 NW2d 817 (1972), a sale of narcotics case, distinguished *Harrington, supra,* because a "usable amount of heroin was involved," and because the judge instructed the jury that guilt required knowledge and intent. Recently, *People v Gaffney,* 51 Mich App 526; 215 NW2d 587 (1974), and *People v McCullough,* 51 Mich App 534; 215 NW2d

774 (1974), rejected contentions that *Jones, supra,* applied *Harrington* to sale of narcotics.

In *People v Harris,* 43 Mich App 531; 204 NW2d 549 (1972) (possession of narcotics), the Court ruled that because defendant was charged with possession of 24 grains of bulk heroin, clearly a usable amount, a jury instruction that possession of any quantity of narcotics sufficed to support conviction was harmless error.

In the instant cases, the judge reasoned that in *Harris* the Court approved 24 grains as the lowest amount sufficient to support a charge, and that judicial discretion applies to all amounts below 24 grains.

We do not agree. First, the three-grain rule precludes proof that an amount less than three grains is a remnant of a larger usable amount. In *Harrington,* the prosecutor had the opportunity to prove on retrial the existence of a remnant of a usable amount where defendant possessed a "minute residue." The policy in the instant cases deprives the prosecution of that opportunity.

*Harrington* provided that if the quantity in whatever amount could be inferred to be a remnant, illegal possession is proved. *People v Gaffney, supra.* Cf., e.g., *People v Lessard,* 22 Mich App 342; 177 NW2d 208 (1970).

Next, dismissal of cases involving less than three grains of pure heroin violates the judge's apparent purpose—to dismiss in *"de minimis"* cases.

Three grains of heroin equal about 194 milligrams.[8] Yet, according to Israel and DeNardis, "The Irrationality of a Law Enforcement Approach to Opiate Narcotics", 50 Journal of Urban Law, 631, 645 (1973): ·

---

[8] One gram equals approximately 15.83 grains.

"The majority of heroin smuggled into the United States is eighty to a hundred percent pure. It is then diluted or 'cut' by a series of wholesalers, jobbers, and retailers, the dealers and 'pushers.' The smuggled heroin may be cut with lactose or dextrose (milk sugars), quinine, mannite, mannitol or almost any white powdery substance, a fact which contributes to the prevalence of contaminated adulterated street samples. *The mixture which reaches the street purchaser may be from one to three percent to thirty percent pure. The former range is most common.* The *diluted powder is sold in units of about 350 to 400 milligrams* in foil, in glassine packets, 'bags,' in rubber balloons or in capsules." (Emphasis supplied.)

Assuming the accuracy of these statistics, a 400 milligram adulterated powder dosage, of 3% purity, would contain 12 milligrams of pure heroin. Estimating conservatively, the "three-grain" policy permits possession of up to 16 doses with impunity. We doubt that *Harrington, supra,* or *Harris, supra,* supports dismissal in these circumstances.

Upon careful consideration, we are convinced that *Harrington, supra,* strikes a just compromise between individual rights and law enforcement needs. We reject appellant's invitation to espouse the majority view.

We also reject appellees' invitation to establish a point below which a remnant cannot be proved. The proliferation of conflicting cases in other jurisdictions demonstrates the folly of this approach.

We think the judgment as to existence of a remnant of a usable amount is best left to the factfinder after presentation of proofs. Under our view, the crime of possession does not require the quantity of the drug be sufficient to produce a drug effect. Accordingly, quantitative analysis of the purity of the seized drug need not be offered. *People v Schenk,* 24 Cal App 3d 233; 101 Cal Rptr

75 (1972); *People v Harris,* 15 Cal App 3d 498; 93 Cal Rptr 285 (1971); see CALJIC 12.07.

In our view, following *Harrington, supra,* illegal possession requires proof that defendant exercised control or had the right to exercise control over the controlled substance; that he knew the proscribed substance was present, and knew the substance was proscribed, and that the substance, according to all the facts and circumstances in the case, could be reasonably inferred to be a remnant of a usable amount. *Cf.* CALJIC 12.00, 12.06; *People v Harrington, supra.*

We conclude that dismissal of these cases amounts to an abuse of discretion for the reasons set out above.

Reversed and remanded with instructions to reinstate the informations charging defendants with possession of narcotics.

All concurred.