PEOPLE v WILLIAMS

Docket No. 124039. Submitted November 14, 1990, at Detroit. Decided
    December 17, 1990, at 9:30 A.M. Leave to appeal sought.

Willie Williams was arrested for possession of cocaine, heroin,
    and marijuana while on probation for possession of less than
    twenty-five grams of cocaine following a conviction in the
    Detroit Recorder's Court. At his arraignment for violating the
    conditions of his probation, the trial court, Dalton A. Roberson,
    J., on its motion, dismissed the prosecution's probation revoca-
    tion petition after the prosecution informed the court that it
    wished to go forward with the probation revocation proceed-
    ings, but had not decided whether to decline to charge the
    defendant with the underlying offense. The prosecution ap-
    pealed.

    The Court of Appeals held:

    The decision to proceed with a probation revocation petition
    on the basis of subsequent criminal conduct, to charge the
    defendant with the subsequent crime, or both, is within the
    discretion of the prosecuting attorney. A trial court may not
    interfere with the exercise of a prosecutor's duties in the
    absence of unconstitutional, illegal, or ultra vires activity. In
    this case, the trial court impermissibly attempted to control the
    prosecuting attorney's exercise of charging discretion.

    Reversed and remanded.

PROSECUTING ATTORNEYS — CHARGING DISCRETION — PROBATION RE-
    VOCATION.

    The decision whether to proceed with a probation revocation
    petition on the basis of a probationer's subsequent criminal
    conduct, to charge the probationer with the subsequent crime,
    or both, is within the discretion of the prosecuting attorney.

*Frank J. Kelley,* Attorney General, *Gay Secor
Hardy,* Solicitor General, *John D. O'Hair,* Prose-
cuting Attorney, *George E. Ward,* Chief Assistant

REFERENCES
Am Jur 2d, Criminal Law §§ 578, 579.
See the Index to Annotations under Parole, Probation, and Pardon.

Prosecuting Attorney, and *Gary Wilson,* Assistant Prosecuting Attorney, for the people.

*Vincent John Brennan,* for the defendant on appeal.

Before: GRIFFIN, P.J., and SAWYER and BRENNAN, JJ.

SAWYER, J. The people appeal from an order of the Recorder's Court dismissing the probation violation petition against defendant. We reverse.

Defendant was originally convicted of possession of less than twenty-five grams of cocaine. MCL 333.7403(2)(a)(v); MSA 14.15(7403)(2)(a)(v). Defendant was placed on two years' probation. While on probation, defendant was arrested for possession of cocaine, heroin, and marijuana. Consequently, a probation violation petition was filed with the court, and a bench warrant was issued for his arrest. At the arraignment for the probation violation, the trial court inquired whether the prosecutor was going to decline to charge the new offense and instead proceed solely with regard to the probation violation. The prosecutor indicated that he was going forward with regard to the probation violation, but was not at that point going to decline to charge the substantive offense as well. Following a conference, at side bar, the trial court, on its own motion, set aside the arrest warrant and dismissed the probation violation petition against defendant. The trial court's decision was apparently solely a product of the prosecutor's refusal to decline to file charges for the underlying offense.

This controversy has its roots in a program referred to as the Prosecutor's Revocation and Resentencing Program (RRP) which is in place in

Wayne County.[1] Apparently, the RRP arose from the probation department's difficulty in obtaining enforcement of felony probation sentences.[2] Under the RRP, which apparently is a loose agreement between the Wayne County Prosecutor's Office, the probation department, and the chief circuit judge, whenever a probation violation was based upon the commission of a subsequent criminal offense of equal or lesser severity to the offense for which the defendant was on probation, the prosecutor's office would pursue the probation violation matter and not issue charges with regard to the subsequent offense itself. This process apparently resulted in jail space being found to house the probation violation defendants pending the revocation hearings and the probation revocation proceedings progressing at a quicker pace than normally would be the case with either probation revocations based upon other conduct or for the disposition of new criminal charges.

Turning to the proceedings in the case at bar, although the transcript of the arraignment on the bench warrant is scant, the trial court apparently understood this case to be a probation violation which would come within the terms of the RRP (which, apparently, it does), and refused to proceed with regard to the probation violation unless the prosecutor indicated that he was going to decline to issue new charges regarding the underlying offense. When the prosecutor refused to abandon his discretion in the charging decision, the trial court on its own motion dismissed the probation

---

[1] The details concerning the RRP are not of record in this appeal. The information about this program comes from the prosecutor's brief in this case.

[2] According to the prosecutor's brief, as of September 30, 1989, there were 4,331 outstanding warrants for probation violations in the City of Detroit as well as 7,446 unexecuted warrants for other offenses in Detroit.

violation petition. For the reasons to be discussed below, we conclude that the trial court exceeded its authority in taking this action.

The prosecutor is the chief law enforcement officer of the county. His office is established by the constitution and his duties and powers are established by statute. The prosecutor has broad discretion in determining which charges to bring against a defendant. *People v Ford,* 417 Mich 66, 91-92; 331 NW2d 878 (1982); *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672, 683; 194 NW2d 693 (1972). A circuit judge may not usurp the authority vested in the prosecutor in determining what charges should be brought against a defendant, except as provided by law. See *Ford, supra* at 91; *Genesee Prosecutor v Genesee Circuit Judge,* 391 Mich 115, 121; 215 NW2d 145 (1974); *Genesee Prosecutor I, supra* at 683-684.

In *Genesee Prosecutor I,* the trial court granted the defendant's motion to plead guilty of a lesser offense over the objection of the prosecutor. The Court concluded that the trial court lacked such authority because it impermissibly invaded the province of the prosecutor to choose under which of two applicable statutes the defendant is charged, in that such exercise by the judiciary would constitute an impermissible intrusion on the executive branch and a violation of the doctrine of separation of powers:

> "Acting as prosecutor, judge and jury" is a common description of an unfair and unlawful operation. However innocently and mistakenly, this is what happened in this case. The trial judge assumed the right over the objection of the prosecutor to determine under which of two applicable statutes a prosecution will be instituted. As already indicated such determination is an executive function and a part of the duties of the prosecutor.

For the judiciary to claim power to control the institution and conduct of prosecutions would be an intrusion on the power of the executive branch of government and a violation of the constitutional separation of powers. Const 1963, art 3, § 2. It also violates our fundamental sense of fair play.

We therefore hold that the trial judge acted without authority in amending the information over the objection of the prosecutor in this case. [386 Mich 683-684.]

In *Genesee Prosecutor II,* the defendant was bound over for trial on a murder charge, and, over the prosecutor's objection, the trial judge accepted the defendant's plea of guilty of manslaughter. The Court again reiterated the rule that a circuit judge does not have supervisory powers over the prosecuting attorney, stating that the court's authority is limited to reversing the prosecuting attorney's decision only if it constitutes an abuse of power:

A circuit judge does not enjoy supervisory power over a prosecuting attorney. He may reverse a magistrate's decision only for abuse of discretion. He may not properly substitute his judgment for that of the magistrate or prosecuting attorney as if he were reviewing the magistrate's decision de novo or acting in a supervisory capacity with respect to the prosecuting attorney. He may reverse or revise their decisions only if it appears on the record that they have abused the power confided to them. [391 Mich 121.]

Finally, the Court again discussed the limited scope of judicial review of a prosecutor's exercise of discretion in *Ford, supra* at 91, wherein the Court opined:

We first consider plaintiffs' contention that "the

prosecutor's election to charge the higher of two applicable statutes is not subject to judicial review." It is true that under the doctrine of constitutional separation of powers each branch of government is sovereign in its own sphere. Const 1963, art 3, § 2. However, it is basic law that the authority to determine the parameters of power to be exercised by each branch is vested in the courts. *Marbury v Madison,* 5 US (1 Cranch) 137, 177; 2 L Ed 135 (1803). This authority "is an awesome power and responsibility and must be exercised both courageously and with understanding and restraint." *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672, 675; 194 NW2d 693 (1972). The self-imposed principle of judicial restraint must yield, however, when, as here, the activity of the executive branch is alleged to be unconstitutional, illegal, or ultra vires. See *Genesee Prosecutor v Genesee Circuit Judge,* 391 Mich 115; 215 NW2d 145 (1974); *Detroit v Wayne Circuit Judge,* 79 Mich 384; 44 NW 622 (1890). We therefore proceed to determine what discretion, if any, a prosecutor has in the matter at hand.

Thus, the circuit court's authority over the prosecutor's discharge of the duties of his office is limited to those activities or decisions by the prosecutor which are unconstitutional, illegal, or ultra vires. Additionally, of course, the judiciary has certain defined roles in reviewing the charging decision in criminal prosecutions. For example, a district judge in conducting a preliminary examination can determine whether probable cause exists with respect to a charge brought by the prosecutor against a defendant in determining whether the defendant is to be bound over for trial. Similarly, once a defendant is bound over for trial, the circuit judge may review that decision for an abuse of discretion to determine if the defendant should be held to answer the charge. See *Genesee Prosecutor II, supra* at 121. And, of course, if a

trial judge is sitting as the finder of fact in a criminal proceeding, the judge must determine whether the prosecutor has met his burden of proof in establishing the defendant's guilt beyond a reasonable doubt. A judge does not, however, have authority to review the prosecuting attorney's decisions outside this narrow scope of judicial function. That is, the circuit judge or, in this matter, a Recorder's Court judge, may not substitute his discretion for that of the prosecuting attorney's merely because the judge believes an alternate charge is more appropriate or would better serve the administrative complexities of the court.

With few exceptions, all persons have a right of access to the courts to seek settlement of their disputes. See Const 1963, art 1, § 13. In the case at bar, the trial court precluded the people from seeking a resolution of the current dispute (probation violation) unless the prosecutor was willing to pay the cost of abandoning his discretion to bring a criminal charge for the underlying offense if merited. This was improper. The prosecutor was merely exercising his lawful authority in proceeding with a probation violation petition and reserving the decision whether to institute a new criminal proceeding with regard to the underlying felony charge. The trial court endeavored to exceed the constitutional authority vested in the judiciary and impermissibly interfere with the operations of the executive branch of government.

The trial court's obligation to conduct a probation revocation hearing is further exemplified by the relevant court rule. MCR 6.111(D)(2) provides as follows:

> Except as otherwise provided in this subrule, the court that granted probation *shall* hold the hear-

ing within a reasonable time after the arraignment. Whenever the alleged violation of probation consists of an offense with which the probationer is charged in a criminal proceeding, the court *may* adjourn the probation revocation hearing until the conclusion of the criminal proceeding. [Emphasis added.]

Thus, the trial court is obligated by court rule to promptly hold a probation revocation hearing after arraignment. The only discretion vested in the court in this regard is that, where the probation revocation is based upon criminal conduct, and criminal charges are pending, the court may delay the probation revocation proceedings until after a resolution of the criminal charges. Thus, to this extent, an inquiry at the arraignment with respect to whether the prosecutor intended to file criminal charges regarding the underlying offense would be relevant to the extent that the court could determine when to schedule the probation revocation hearing, i.e., either "promptly" or after the resolution of the criminal proceedings.

In sum, the decision whether to proceed with a probation revocation petition on the basis of subsequent criminal conduct, to charge a defendant with that subsequent criminal conduct, or both, lies within the discretion of the prosecuting attorney. The judiciary has no authority to invade the prosecuting attorney's discretion in this matter beyond its normal roles of probable cause determinations and, at trial, determination of guilt or innocence. Here, the trial court overstepped its authority and impermissibly attempted to control the prosecuting attorney's exercise of discretion.

The order of the Recorder's Court for the City of Detroit dismissing the probation revocation petition is reversed. The matter is remanded to the Recorder's Court with directions to reinstate the

probation revocation petition and to proceed with a hearing on that petition forthwith. We do not retain jurisdiction.

Reversed and remanded.