PEOPLE v FARMER

Docket No. 138296. Submitted December 12, 1991, at Detroit. Decided April 6, 1992, at 9:15 A.M. Leave to appeal sought.

The Wayne County Prosecutor petitioned the Detroit Recorder's Court, Robert L. Evans, J., for the revocation of Michael Farmer's probation, alleging that Farmer had violated a condition of probation by possessing a short-barreled shotgun. The court withheld its decision whether to issue a probation revocation warrant pending the prosecutor's decision whether to charge the defendant with possession of a short-barreled shotgun. Following the defendant's conviction and sentencing for possession of a short-barreled shotgun, the court refused to issue a probation revocation warrant. The prosecutor appealed.

The Court of Appeals *held:*

The decision whether to proceed with a probation revocation petition on the basis of a probationer's subsequent criminal conduct, to charge the probationer with the subsequent crime, or to do both lies within the discretion of the prosecutor. The judiciary has no authority to invade the prosecutor's discretion in the matter beyond its normal roles of determining probable cause and guilt or innocence.

Reversed and remanded for further probation revocation proceedings.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, and *George E. Ward,* Chief Assistant Prosecutor, for the people.

*Rose Mary C. Robinson,* for the defendant on appeal.

Before: MICHAEL J. KELLY, P.J., and SULLIVAN and CONNOR, JJ.

MICHAEL J. KELLY, P.J. This case focuses on the options of the Recorder's Court when presented with a petition for the revocation of probation on

the basis of the commission of a new crime.[1] Stated another way, Who decides when to revoke probation—the judge or the prosecutor?

When the Recorder's Court was presented with the prosecutor's petition for a probation violation warrant, the judge deferred deciding whether to issue the requested warrant from November 16, 1990, until November 21, 1990, and later explained his rationale for the delay in a lengthy opinion dated February 1, 1991. The gravamen of the court's concern was the inauguration of probation violation proceedings by the prosecutor. Probation violations had formerly been the province of probation officers or judges.[2] The court took judicial notice that for twenty years the prosecutor had never independently requested probation violation warrants, but that recently

> [c]omplaints for the issuance of probation warrants were presented to this court by assistant Wayne County Prosecutors assigned to the prosecutor's revocation resentencing program (RRP).

The trial court declined to address the probable cause considerations and arraignment procedures of MCR 6.445(A) and (B), and instead assessed the interests of society, the practices in Recorder's Court, the strictures in the application of certain rules of evidence, and the burdens on an accused in defending against a probation revocation petition as opposed to new criminal charges, and made it clear that this change in the status quo was not

[1] The prosecutor charged that defendant possessed a short-barreled shotgun in violation of MCL 750.224b; MSA 28.421(2). Defendant was serving a probationary sentence handed down on January 23, 1994, for carrying a concealed weapon.

[2] The trial court, in its opinion of February 1, 1991, held that it had exclusive authority to revoke its own probation orders. It could permit or acquiesce in petitions by the prosecutor, but was not required to do so.

welcomed. We think the court exercised discretion where it could not have and refused to exercise discretion where it could. In *People v Williams,* 186 Mich App 606; 465 NW2d 376 (1990), this Court indicated that a prosecutor has broad discretion in determining which charges to bring and when to bring them, and the judiciary is not to usurp that authority. The *Williams* Court said:

> In sum, the decision whether to proceed with a probation revocation petition on the basis of subsequent criminal conduct, to charge a defendant with that subsequent criminal conduct, or both, lies within the discretion of the prosecuting attorney. The judiciary has no authority to invade the prosecuting attorney's discretion in this matter beyond its normal roles of probable cause determinations and, at trial, determination of guilt or innocence. [*Id.,* p 613.]

As in *Williams,* we think that the trial court in this case overstepped its authority and impermissibly attempted to control the prosecuting attorney's exercise of discretion. Defendant suggests that this case is distinguishable from *Williams* because the trial court indicated only that it deferred deciding whether to issue the requested probation violation warrant for five days from November 16, 1990, until November 21, 1990. That is technically correct but misses the point. The matter was treated by defense and prosecution as though the trial court had issued an ultimatum. The court required the prosecutor to file an original action on the underlying offense, a new action, or else the probation violation charge would languish. It seems to us a difference without distinction for the trial court to postpone probation violation hearings until new criminal charges are brought just to create an option for the trial court under MCR 6.445(C)

to adjourn the revocation hearing until the conclusion of the new criminal proceedings. The court does not decide whether or when to file new criminal charges, the prosecutor does. *Williams, supra.*

To be clear, under the rule, a trial court shall exercise discretion when determining whether probable cause exists to issue a warrant. This Court does not seek to limit or burden the proper exercise of that discretion. However, refusing to act on a prosecutor's petition to revoke probation is not an exercise of discretion, but, rather, the refusal to exercise discretion. It is not the judicious exercise of responsibility, but the abrogation of responsibility.[3]

Reversed. Remanded for the conducting of probation violation proceedings.

[3] We think a probationer's rights can be adequately safeguarded within the letter and spirit of *People v Williams,* 186 Mich App 606; 465 NW2d 376 (1990). We are in no position to fine-tune administrative practices and responsibilities of the trial court and the prosecutor or to resolve competing considerations of efficiency and expediency. We trust those institutions will engage in dialogue befitting the public trust to resolve or accommodate such obstacles.