## PEOPLE v MORROW

Docket No. 179865. Submitted August 1, 1995, at Grand Rapids. Decided October 27, 1995, at 9:00 ᴀ.ᴍ.

Timothy Morrow was bound over for trial in the Kent Circuit Court on four counts of criminal sexual conduct in the first degree and one count of criminal sexual conduct in the second degree following a preliminary examination at which the complainant testified about being raped repeatedly by the defendant. Before trial, the court, H. David Soet, J., on its own motion, dismissed the charges after the complainant recanted her preliminary examination testimony. The prosecution appealed.

The Court of Appeals *held:*

The decision whether to dismiss the charges or proceed with prosecution after the complainant recanted her preliminary examination testimony is part of the prosecutor's executive and discretionary powers. In the absence of an unconstitutional, illegal, or ultra vires act by the prosecutor, the trial court exceeded its authority by dismissing the charges.

Reversed and remanded.

Pʀosᴇcᴜᴛɪɴɢ Aᴛᴛoʀɴᴇʏs — Cɪʀcᴜɪᴛ Coᴜʀᴛs — Sᴇᴘᴀʀᴀᴛɪoɴ oꜰ Powᴇʀs.

The decision whether to dismiss a criminal charge or proceed to trial in the circuit court after the complainant recants preliminary examination testimony against the defendant is part of the executive and discretionary powers of the prosecutor, whose decision may not be reversed or revised by the circuit court in the absence of an unconstitutional, illegal, or ultra vires act.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *William A. Forsyth,* Prosecuting Attorney, *Timothy K. McMorrow,* Chief Appellate Attorney, and *T. Lynnn Hopkins,* Assistant Prosecuting Attorney, for the people.

Rᴇꜰᴇʀᴇɴcᴇs
Am Jur 2d, Prosecuting Attorneys §§ 23, 24.
See ALR Index under Prosecuting Attorneys.

*Krause & Zambon, P.C.* (by *Tonya L. Krause*), for the defendant.

Before: BANDSTRA, P.J., and MARKEY and J. T. HAMMOND,* JJ.

PER CURIAM. Defendant was bound over on four counts of first-degree criminal sexual conduct, MCL 750.520b(1)(f); MSA 28.788(2)(1)(f), and one count of second-degree criminal sexual conduct, MCL 750.520c(1)(f); MSA 28.788(3)(1)(f), on the basis of his girlfriend's testimony at the preliminary examination that defendant had repeatedly raped her. At the pretrial conference, however, defense counsel informed the court that the girlfriend had contacted counsel and stated her desire to recant her earlier testimony. The trial court permitted the girlfriend to testify under oath; she stated that she consented to have sex with defendant and that she lied during the preliminary examination about defendant forcefully raping her. Immediately thereafter, the trial court sua sponte dismissed the case with prejudice, and the prosecutor appeals. We reverse.

This case presents an issue of first impression for this Court: whether a trial court has the authority to dismiss the prosecution's case sua sponte where the sole complaining witness recants her preliminary examination testimony. We believe that under the unusual circumstances of this case, the trial court exceeded its authority and impinged on the prosecutor's executive-branch powers when it dismissed the information against defendant.

On two different occasions, the Michigan Supreme Court has recognized the varied and independent functions performed by the trial court and

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the prosecutor. *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672, 682-685; 194 NW2d 693 (1972) (*Genesee I*); *Genesee Prosecutor v Genesee Circuit Judge,* 391 Mich 115, 119-122; 215 NW2d 145 (1974) (*Genesee II*). In *Genesee I,* our Supreme Court held that the trial court acted without authority in amending the defendant's information and accepting a plea to a newly charged lesser offense over the prosecutor's objections. In addressing the prosecution's constitutional separation of powers arguments, our Supreme Court made the following observations that are directly applicable to the case at bar:

> The prosecutor is a constitutional officer whose duties are as provided by law. Const 1963, art 7, § 4. The conduct of a prosecution on behalf of the people by the prosecutor is an executive act.
>
> We have held in the past that the prosecutor is the chief law enforcement officer of the county and has the right to exercise broad discretion in determining under which of two applicable statutes a prosecution will be instituted.
>
> "Acting as prosecutor, judge and jury" is a common description of an unfair and unlawful operation. However innocently and mistakenly, this is what happened in this case. The trial judge assumed the right over the objection of the prosecutor to determine under which of two applicable statutes a prosecution will be instituted. As already indicated such determination is an executive function and a part of the duties of the prosecutor. *For the judiciary to claim power to control the institution and conduct of prosecutions would be an intrusion on the power of the executive branch of government and a violation of the constitutional separation of powers. Const 1963, art 3, § 2. It also violates our fundamental sense of fair play.* [*Id.* at 683-684. Emphasis added. Citations omitted.]

In *Genesee II, supra* at 121, the Michigan Supreme Court addressed issues that it had expressly re-

fused to comment on in *Genesee I* [1] and reiterated that the trial court's authority is limited to reversing the prosecutor's decision only if it constitutes an abuse of power:

> A circuit judge does not enjoy supervisory power over a prosecuting attorney. He may reverse a magistrate's decision only for abuse of discretion. *He may not properly substitute his judgment for that of the magistrate or prosecuting attorney as if he were reviewing the magistrate's decision de novo or acting in a supervisory capacity with respect to the prosecuting attorney.* He may reverse or revise their decisions only if it appears on the record that they have *abused the power confided to them.* [Emphasis added.][2]

Thus, the trial court's authority over the discharge of the prosecutor's duties is limited to those activities or decisions by the prosecutor that are unconstitutional, illegal, or ultra vires. *People v Williams,* 186 Mich App 606, 608-613; 465 NW2d 376 (1990). Put differently, a trial court does not have authority to review the prosecuting attorney's decisions outside this narrow scope of judicial function. *Id.* at 612.

Both our Supreme Court and this Court have adopted and repeatedly applied the principles enunciated in *Genesee I* and *Genesee II.* See, e.g., *People v Siebert,* 450 Mich 500, 510; 537 NW2d 891 (1995); *Williams, supra; People v Nelson,* 66

---

[1] In *Genesee II,* the defendant was bound over on a murder charge but the trial court accepted the defendant's plea of guilty of manslaughter, a lesser included offense, over the prosecutor's objections. *Id.* at 118-119.

[2] Accordingly, the Supreme Court affirmed the prosecutor's power to refuse to authorize a plea of manslaughter where the preliminary examination testimony established that the defendant shot the victim twice, once after the victim had fallen to the ground, and the prosecutor was willing to accept a plea of second-degree murder, although first-degree murder would be a possible verdict at trial. *Id.* at 122, n 13.

Mich App 60, 64-66; 238 NW2d 201 (1975); *People v Stewart,* 52 Mich App 477, 484; 217 NW2d 894 (1974). In *Siebert, supra* at 510, our Supreme Court held that if a trial court were permitted to accept a plea agreement but impose a lower sentence than that called for in the agreement, the court "would effectively assume the prosecutor's constitutional authority to determine the charge or charges a defendant will face." Thus, the Michigan Supreme Court prohibited the trial court from trespassing on the prosecutor's charging authority and required that the people be given an opportunity to withdraw from the sentence agreement if the court intended to impose a lower sentence. *Id.* at 504.

In both *Nelson* and *Stewart,* this Court found that in light of the *Genesee* cases and in the absence of statutory authority, the trial court exceeded its authority by dismissing sua sponte the charges against each defendant without the prosecutor's consent. As discussed in *Nelson, supra* at 63-66, a prosecutor may enter a nolle prosequi only by leave of the court after stating on the record the reasons for abandoning or discontinuing the prosecution. MCL 767.29; MSA 28.969; see also MCL 767.41; MSA 28.981. While the judge may veto the prosecutor's decision not to prosecute further, the court has no power to dismiss on its own motion over prosecutorial objection. *Stewart, supra* at 483. Accordingly, a trial court may grant a nolle prosequi on its own initiative and without the consent of the prosecutor only where it finds that the prosecutor or the examining magistrate abused its discretion, which is clearly not the case here. *Nelson, supra* at 65-66.

Notably, the *Stewart* decision cites a 1912 Kentucky Court of Appeals case for the proposition that "[o]nly where the evidence is insufficient has

the court the power to dismiss over prosecutorial objection." *Stewart, supra* at 483, citing *Commonwealth v Cundiff,* 149 Ky 37; 147 SW 767 (1912); see also *Stewart, supra* at 483, n 7.[3] Quite to the contrary, the *Cundiff* court reversed the trial court's decision to dismiss sua sponte a criminal sexual conduct indictment where the complaining witness (the defendant's minor cousin) stated, by affidavit, her inability to withstand trial and her parents also stated their desire that the case be dismissed. *Cundiff, supra* at 37. In its opinion, the *Cundiff* court eloquently explained the rationale behind prohibiting the court from acting on its own accord to dismiss a criminal prosecution where the complaining witness wishes not to take the stand against the defendant:

> The judge does not represent the state any more than he does the defendant in the prosecution. His right to control the prosecution goes only to the extent of determining whether or not the indictment is good on demurrer. If he holds it to be a good indictment, he is without power to direct its dismissal. Nor does the fact that the injured party . . . want[s] the prosecution dismissed change the situation. The prosecution is not for their benefit, but for the public good. *While the party, who has suffered the immediate wrong at the hands of the accused, may be of material aid to the Commonwealth in imposing upon the accused the punishment, which his offense merits, she is without power to direct or control the prosecution, much less to have the court discontinue it.*

\* \* \*

[3] This Court in *Stewart, supra* at 483, agreed that both *Genesee* cases framed this issue in terms of separation of powers principles and referred to *Goldberg v Hoffman,* 225 F2d 463 (CA 7, 1955), where the Seventh Circuit Court of Appeals cited *Marbury v Madison,* 1 Cranch 137; 2 L Ed 60 (1803), to support the proposition that "dismissing a prosecution otherwise evidentially sufficient violates separation of powers."

To uphold such a ruling, would be to put it in the power of a court to defeat the ends of justice at any time, where it was shown that the injured party did not desire the case prosecuted. *If such rule obtained, where one had committed a crime, it would only be necessary for him to procure the consent of the injured party or of the relatives of the injured party, that the prosecution should be dismissed.* Thus, a premium would be placed upon crime; for, not only would the original crime go unpunished, but the action of the court would be frequently brought about by the practice of corrupt or improper methods in procuring from the prosecuting witness, or her relative, the desired request that the prosecution be terminated or discontinued. *The mere statement of the condition, which such a course of practice might produce is sufficient to condemn it.* [*Id.* at 39-40. Emphasis added.]

We believe that the same concerns are present in the case at bar.

The victim's decision to recant before trial should not alone preclude the prosecution from reaching a jury.[4] *Cundiff, supra.* For example, if the victim had waited until trial to recant her preliminary examination testimony, the prosecutor could impeach the victim with her preliminary examination testimony or statements made to hospital staff who treated her to rebut her recanted testimony. MRE 801(d)(1)(A), 803(4). Alternatively, the prosecutor could use the victim's preliminary examination testimony in lieu of her testimony at trial. MRE 801(d)(1)(A).

---

[4] We do not and need not address the credibility issue created when the alleged victim recants her testimony because under no circumstances was it appropriate for the trial court to dismiss the case at this pretrial stage of the proceeding over the prosecutor's objection. Such credibility issues raised by recanting witnesses are properly addressed in motions for a new trial. *People v Canter,* 197 Mich App 550, 559-560; 496 NW2d 336 (1992); *People v Bersine,* 48 Mich App 295, 298-299; 210 NW2d 501 (1973); *People v Blair,* 44 Mich App 469, 470-472; 205 NW2d 183 (1973).

Defendant argues, however, that once the alleged victim recanted her first story, the prosecutor would have to rely on testimony that was known to be false if it decided to proceed against defendant; this would, therefore, constitute an abuse of power. To the contrary, the prosecutor could reasonably conclude that the victim's original account was the truth and argue to the jury that it was corroborated by evidence other than the victim's statement. It is the province of the jury to determine which of the victim's accounts is the truth, and there is no abuse of power in the prosecutor relying upon and arguing for the victim's earlier sworn testimony in support of the criminal charges against defendant. We find no reason to conclude that the prosecutor's decision to proceed with the case even after the sole complaining witness recanted her testimony was unconstitutional, illegal, or ultra vires.[5] That decision, that exercise of discretion, is, therefore, exempt from judicial review. *Williams, supra* at 611-612.

Thus, under the facts of this case, we find that the trial court exceeded its authority when it dismissed the information against defendant at the pretrial stage of the proceedings because the decision whether to dismiss a case or proceed to trial is within the prosecutor's sole discretion.[6] *Genesee*

---

[5] While the recanting witness stated that the prosecution threatened her with criminal prosecution if she recanted her testimony and told her that the penalty for perjury was life imprisonment, this does not constitute prosecutorial misconduct, as defendant suggests. If, in fact, the recanting witness lied while under oath at the preliminary examination, she is subject to prosecution for criminal perjury and was fully and properly informed of this before placing her recanting testimony on the record. MCL 750.422 *et seq.*; MSA 28.664 *et seq.*

[6] We have found no formal prosecutorial objection on the record regarding the trial court's decision to dismiss the case on the basis of the victim's recanting of her testimony, although the record does not reflect discussions in chambers during the pretrial conference before the victim took the stand. We believe, nevertheless, that any objection was effectively rendered moot by the trial court's comments at the

*II, supra* at 121; *Genesee I, supra* at 684; *Stewart, supra* at 482-483. On the basis of the foregoing analysis and the unique facts of this case, we reverse the trial court's decision to dismiss the charges against defendant and remand this case for further proceedings consistent with this opinion.

Reversed and remanded with instructions to reinstate the information charging defendant with criminal sexual conduct.

outset that it intended to dismiss with prejudice if the victim recanted and that the prosecution's case had "died" at that hearing. Indeed, it apparently would have been an exercise in futility to object to the hearing or the dismissal, as the tenor of the discussions on the record leads us to believe that the topic of dismissal was debated before the record was opened and that any dismissal was contrary to the prosecution's wishes, i.e., the objection was tacit. Stated otherwise, the absence of an express, formal prosecutorial objection on the record is not fatal to this appeal under the unusual circumstances of this case.