*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

GARY LEE OTTGEN,

Defendant-Appellee.

UNPUBLISHED
September 08, 2025
9:05 AM

No. 371628
Jackson Circuit Court
LC No. 2023-004817-FH

Before: ACKERMAN, P.J., and M. J. KELLY and O'BRIEN, JJ.

PER CURIAM.

Following a road-rage incident, defendant was charged with assault with a dangerous weapon (felonious assault), MCL 750.82, and malicious destruction of property ($200 or more but less than $1,000) (MDOP), MCL 750.377a(1)(c)(*i*). On the morning of trial, the prosecution moved for an adjournment. In response, defendant moved to dismiss the charges, and the trial court granted defendant's motion, dismissing the charges with prejudice. The prosecution now appeals, contending that the dismissal constituted an abuse of discretion. Because the trial court provided no basis for its decision on the record, we vacate the order dismissing the charges and remand for further proceedings.

## I. BACKGROUND

The underlying facts are not material to the issue on appeal, so we summarize them only briefly. The complainant alleged that, on June 29, 2023, while he was stopped in traffic, defendant nearly collided with his vehicle. After the complainant pulled onto the shoulder, defendant also pulled over. The complainant claimed that defendant opened the complainant's driver-side door while holding a knife, leading to a physical struggle. The complainant was able to re-enter and lock his vehicle, after which defendant stabbed the fender and scratched the hood of the complainant's car with the knife.

The lower court record is relatively sparse. Defendant was initially charged with felonious assault, but that charge was dismissed after an unspecified witness failed to appear at the preliminary examination. The prosecution refiled the charge two months later and added a count

-1-

of MDOP after the complainant testified at the second preliminary examination. The district court then bound defendant over for trial on both counts.

On July 10, 2024, the parties appeared for a jury trial. Before jury selection, defense counsel informed the court that the prosecution had provided three additional videos relevant to the case only hours before trial and objected to their admission. The prosecutor apologized, explained that she provided the videos as soon as she received them and stated that she would not seek to admit them. The court noted that the issue was "no fault of" the prosecutor but expressed frustration that "somebody in [the prosecutor's] office isn't following through with some things." Defense counsel requested an opportunity to view the videos before selecting a jury, and the trial court recessed to accommodate that request.

Approximately 50 minutes later, the court reconvened and inquired whether the parties were ready to proceed. The following exchange occurred:

> *Ms. McGee [The Prosecutor]*: No. Your Honor, I don't feel like I can seat a jury at this point. I just looked into this 9-1-1 call issue that [defense counsel] brought up.[1] This case looking into it was originally issued then there was a fail to appear at the district court preliminary exam and the case was dismissed and then reissued. So, by the time the appearance would have gone on the record for this case, that 9-1-1 wouldn't have been available, because we got late disclosure of evidence that I, myself haven't been able to go through. The number of issues we've already had this morning I feel like I'd be negligent if I moved forward at this point knowing that there's so much out there that we haven't reviewed, especially since you know from this record it looks like this case was dismissed around August 2nd, of last year and then reissued. It's just a very tangled web. I do have the complaining witness in the—downstairs, I do have people ready to testify today, but I don't want to step into double jeopardy territory by impaneling a jury at this point. So, I'm gonna ask the Court respectfully for an adjournment and I know that it is terribly inconvenient, we've got citizens upstairs waiting to be brought down. But at this point I don't—I don't think it would be responsible for me to move forward at this point.

> *The Court*: Okay. Well, I'll tell you if we didn't have—I'm gonna wait and see what happens with the election, but uh, depending on who's elected, I'm gonna go down and have a chat with whoever's gonna be taking over that office to make sure some of this changes, because this is—and I'm not blaming you, Ms. McGee.

> *The Prosecutor*: Understood, your Honor.

> *The Court*: I just—the—it's ridiculous.

---

[1] It is unclear from the record to what "9-1-1 call issue" the prosecutor was referring.

*The Prosecutor*: I know, I just at this point I feel like I would not be a good representative of the state, the People, or the complaining witness at this point moving forward.

*The Court*: Well, I've gotta go explain to 44 people why we're not going. Give me a new date.

*The Court Clerk*: Am I setting this straight for jury trial or do you want a pretrial in a couple weeks or—

*The Court*: Are you not proceeding at all?

*The Prosecutor*: I don't need a pretrial, if you want to just set it for another jury trial, great, that's fine.

*The Court*: The problem is—

*The Prosecutor*: If the defense would like one—

*The Court*: —they're here and ready to go too.

*Ms. Beecher [Defense Counsel]*: We would ask for a dismissal, your Honor.

*The Court*: Huh?

*Defense Counsel*: We would ask for a dismissal.

*The Court*: Come on up here for a minute.

After a one-minute bench conference, the trial court stated, "Okay, it's dismissed," and later entered an order dismissing the case with prejudice. The prosecution now appeals.

## II. DISCUSSION

The prosecution contends that the trial court exceeded its authority and abused its discretion by dismissing the charges with prejudice over the prosecutor's objection.

We review a trial court's decision on a motion to dismiss for an abuse of discretion. *People v Witkoski*, 341 Mich App 54, 59; 988 NW2d 790 (2022). "An abuse of discretion occurs when the trial court's outcome falls outside the range of reasonable and principled outcomes." *People v Meeker (On Remand)*, 340 Mich App 559, 563; 986 NW2d 622 (2022). Whether a trial court had the authority to dismiss charges with prejudice over the prosecutor's objection is a question of law, which we review de novo. *People v Sierb*, 456 Mich 519, 522; 581 NW2d 219 (1998).

The prosecutor is a constitutional officer whose conduct while prosecuting a case "is an executive act." *People v Morrow*, 214 Mich App 158, 160; 542 NW2d 324 (1995) (citation omitted). Decisions such as which charges to pursue and whether to seek a *nolle prosequi* after charges have been authorized fall within the prosecutor's authority. *Id*. at 162; see also *People v*

-3-

*Williams*, 244 Mich App 249, 252; 625 NW2d 132 (2001) ("[T]he decision whether to dismiss a case or proceed to trial ultimately rests in the sole discretion of the prosecutor.").

Allowing a trial court to exercise unfettered authority over such decisions "would constitute an impermissible intrusion on the executive branch and a violation of the doctrine of separation of powers." *People v Williams*, 186 Mich App 606, 609; 465 NW2d 376 (1990). Accordingly, "the trial court's authority over the discharge of the prosecutor's duties is limited to those activities or decisions by the prosecutor that are unconstitutional, illegal, or ultra vires," and it "does not have authority to review the prosecuting attorney's decisions outside this narrow scope of judicial function." *Morrow*, 214 Mich App at 161.

In this case, neither the basis for defendant's motion nor the trial court's rationale for granting it is discernible from the record. It is clear that the prosecutor sought an adjournment before jury selection began, citing various discovery issues. Although the trial court expressed frustration with that request, it also stated that it was "not blaming" the prosecutor and appeared inclined to grant the adjournment. After the court clerk inquired about scheduling, defense counsel requested a dismissal. The court then held a brief bench conference and summarily dismissed the case. The record contains no articulated rationale for either the motion or the order.

On appeal, defendant offers several possible explanations for the dismissal. He suggests that the trial court dismissed the charges for "ridiculousness," which he claims "can be seen as the trial court upholding [his] Constitutional Right to Substantive Due Process" because bringing this "disjointed, tangled web of a case to bar was an arbitrary use of government power." He also asserts that the dismissal resulted from the prosecutor's "failure to comply with discovery," and relies on MCR 2.504 to argue that dismissal with prejudice is an appropriate remedy for a discovery violation.

Defendant's arguments are not entirely without merit. If, as defendant contends, the prosecution exceeded its authority by filing the charges, the court was permitted to dismiss the charges over the prosecutor's objection as an ultra vires act. *Morrow*, 214 Mich App at 161. The court could also dismiss the charges if prosecutorial misconduct deprived defendant of due process. See *People v Morris*, 77 Mich App 561, 564; 258 NW2d 559 (1977) (affirming an order dismissing charges against the defendant when "government misconduct . . . denied the defendant due process of law."). Although defendant erroneously relies on MCR 2.504 for his discovery-violation claim, the applicable rule for discovery violations in criminal proceedings— MCR 6.201(J)—permits a trial court to remedy such violations "as it deems just under the circumstances." If the trial court dismissed the charges on any of those bases, the court may have acted within its discretion in dismissing the charges over the prosecutor's objection.

Even so, the trial court's rationale for dismissal is not apparent from the record. Without insight into the grounds for the motion or the court's reasoning, this Court cannot determine whether the trial court's decision "falls outside the range of reasonable and principled outcomes." *Meeker*, 340 Mich App at 563 (citation omitted).

Accordingly, we vacate the order dismissing the charges with prejudice and remand to the trial court. On remand, the trial court shall either articulate its reasoning for dismissing the charges

-4-

in a manner sufficient to facilitate appellate review or schedule the matter for further proceedings. We do not retain jurisdiction.

/s/ Matthew S. Ackerman
/s/ Michael J. Kelly
/s/ Colleen A. O'Brien