PEOPLE v BARKSDALE

Docket No. 187328. Submitted July 18, 1996, at Lansing. Decided October
15, 1996, at 9:20 A.M.

Following a preliminary examination in the 22nd District Court, the
prosecutor sought to have Edward Barksdale, Jr., bound over on
the felony offense of perjury other than during a court proceeding,
MCL 750.423; MSA 28.665, because of the false statements that the
defendant had made in an affidavit submitted in support of a
search warrant. The defendant objected, arguing that he should be
charged with the misdemeanor offense of unlawfully procuring a
search warrant, MCL 780.658; MSA 28.1259(8). The district court,
Sylvia A. James, J., held that the prosecutor was legally required to
charge the defendant with the more specific misdemeanor offense
rather than the more general perjury offense. The prosecutor
appealed the district court's ruling to the Wayne Circuit Court,
Susan D. Borman, J., which reversed the decision of the district
court and remanded the matter to the district court for a redetermi-
nation whether the prosecutor had abused his discretion in charg-
ing the defendant with the felony rather than the misdemeanor. On
remand, the district court ordered an evidentiary hearing with
respect to the question whether the prosecutor abused his discre-
tion in bringing the felony charge. The prosecutor sought leave of
the circuit court to file an interlocutory appeal, which was denied
by the circuit court. The prosecutor appealed to the Court of
Appeals by leave granted.

The Court of Appeals held:

The record shows that the lower courts intended to determine
whether the prosecutor abused his discretion in pursuing the fel-
ony charge by looking to the question whether the prosecutor had
a rational basis sufficient to support charging the defendant with
the felony charge rather than the misdemeanor charge. The proper
standard of review of a prosecutor's charging function is not
whether there is a rational basis for the determination, but, rather,
whether the prosecutor's choice was made for a reason that is
unconstitutional, illegal, or ultra vires. The defendant does not
argue, and the record does not suggest, that the prosecutor's deci-
sion to charge the felony rather than the misdemeanor was in any
way unconstitutional, illegal, or ultra vires. Accordingly, the prose-

cutor did not abuse his discretion in charging the felony. The matter must be remanded to the circuit court for further proceedings with respect to the felony charge.

Remanded.

PROSECUTING ATTORNEYS — BRINGING OF CRIMINAL CHARGES — ABUSE OF DISCRETION.

A prosecuting attorney's decision with respect to the proper criminal charge to be brought is subject to review by a court only for an abuse of discretion; a prosecutor's decision with respect to the appropriate criminal charge to bring constitutes an abuse of discretion only where the reason for the choice is unconstitutional, illegal, or ultra vires.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *John D. O'Hair*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Joseph A. Puleo*, Assistant Prosecuting Attorney, for the people.

*Fried, Saperstein & Kriger, P.C.* (by *Mark J. Kriger*), for the defendant.

Before: SAWYER, P.J., and BANDSTRA and O'CONNELL, JJ.

PER CURIAM. We granted leave to determine the appropriate standard of judicial review of a prosecutor's charging decision. The trial court applied the "abuse of discretion" standard. We disagree and reverse and remand the matter for further proceedings consistent with this opinion.

Defendant, a police officer, knowingly made false statements in an affidavit submitted in support of a request for a search warrant. After the warrant was authorized and executed, defendant went to the officer in charge and admitted that he had made false statements in the affidavit in reliance on information he received from another officer. He also agreed to

cooperate with his police department in its investigation of the incident.

Following a preliminary examination, the prosecutor sought to have defendant bound over on the felony offense of perjury other than during a court proceeding, MCL 750.423; MSA 28.665. Defendant objected, arguing that the more appropriate charge was the misdemeanor offense of unlawfully procuring a search warrant, MCL 780.658; MSA 28.1259(8). The district court initially decided in defendant's favor with regard to this question, reasoning that the prosecutor was legally required to charge defendant with the more specific search warrant offense rather than the more general perjury offense. On appeal to the circuit court, this decision was reversed. However, the circuit court remanded the question to the district court for a hearing to determine whether the prosecutor's decision to charge defendant with the felony offense was an "abuse of discretion." After a hearing at which defendant made an offer of proof regarding that question, the district court ordered an evidentiary hearing. The circuit court denied the prosecutor's motion for leave to appeal that order; we granted leave to appeal.

Defendant argues that an "abuse of discretion" standard is appropriate for judicial review of charging decisions made by a prosecutor. The record is clear that there was sufficient evidence to support charges under either the felony or the misdemeanor statutes at issue here. The record shows that the "abuse of discretion" standard that the lower courts would apply would question whether the prosecutor had a "rational basis" sufficient to support charging defend-

ant under the felony statute rather than under the misdemeanor statute.

The prosecutor argues that this is the wrong standard for judicial review of a prosecutorial charging decision. We agree. In *Genesee Prosecutor v Genesee Circuit Judge*, 386 Mich 672, 683-684; 194 NW2d 693 (1972), the Supreme Court stated:

> We have held in the past that the prosecutor is the chief law enforcement officer of the county and has the right to exercise broad discretion in determining under which of two applicable statutes a prosecution will be instituted. . . .
>
> "Acting as prosecutor, judge and jury" is a common description of an unfair and unlawful operation. However innocently and mistakenly, this is what happened in this case. The trial judge assumed the right over the objection of the prosecutor to determine under which of the two applicable statutes a prosecution will be instituted. As already indicated such determination is an executive function and a part of the duties of the prosecutor. For the judiciary to claim power to control the institution and conduct of prosecutions would be an intrusion on the power of the executive branch of government and a violation of the constitutional separation of powers. Const 1963, art 3, § 2. It also violates our fundamental sense of fair play.

Applying these principles more recently, this Court reasoned:

> [T]he trial court's authority over the discharge of the prosecutor's duties is limited to those activities or decisions by the prosecutor that are unconstitutional, illegal, or ultra vires. . . . Put differently, a trial court does not have authority to review the prosecuting attorney's decisions outside this narrow scope of judicial function. [*People v Morrow*, 214 Mich App 158, 161; 542 NW2d 324 (1995).]

Accord *People v Siebert*, 450 Mich 500, 510; 537 NW2d 891 (1995).

Under these precedents, it would be a violation of the separation of powers for a court to second-guess whether a prosecutor has a "rational basis" or "good reason" for bringing charges under one applicable statute rather than another applicable statute. Discretion is afforded the prosecutor by the fact that evidence is available to support a charge under either statute. That discretion is abused only if a choice is made for reasons that are "unconstitutional, illegal, or ultra vires." *Morrow, supra.* Courts thus review a charging decision under an "abuse of power" standard, questioning whether a prosecutor has acted in contravention of the constitution or the law. *Id.*[1]

There is no evidence that the prosecutor has run afoul of this limitation in the present case. The circuit court previously overturned a district court ruling that the prosecutor's charging decision was contrary to applicable case law; that reversal has not been appealed. There is no suggestion that the prosecution acted outside its authority in bringing the felony charge against defendant. There is no evidence or implication that defendant was subjected to a felony charge because of his race or for any other unconstitutional reason.

---

[1] We are mindful that in the consolidated cases collectively referred to as *People v Ford,* 417 Mich 66; 331 NW2d 878 (1982), four justices of our Supreme Court reasoned, in one case, that courts "can review and correct an abuse of discretion" in a prosecutor's charging decision, *id.* at 84, while, in another case, they reasoned that review was limited to cases "where it is contended that such choice [of which statute to charge under] violated a constitutional right," *id.* at 88. While *Ford* thus introduces some confusion regarding the issue, we do not conclude that it is sufficient to negate the clear reasoning of the Court in the *Genesee Prosecutor* case we quoted above. We conclude that the *Morrow* panel was correct in its analysis of the available precedents and that a court can only question whether a prosecutor acted in contravention of the constitution or the law in a charging decision.

Rather than suggesting that the prosecutor acted unconstitutionally, illegally, or ultra vires, defendant's argument is basically that the prosecutor acted unfairly and that, considering the circumstances, a misdemeanor charge would have been more appropriate. Defendant argues, for example, that the prosecutor should have charged him with the lesser offense because defendant voluntarily came forward with his admission and has cooperated in investigating the incident. Certainly the prosecutor could have considered this and charged defendant with a misdemeanor, but the prosecutor instead chose to charge defendant with a felony rather than a misdemeanor. The court cannot second-guess that exercise of discretion constitutionally provided to the prosecutor.

In the absence of any evidence of an abuse of power, the prosecutor must be allowed to proceed with the felony charge against defendant. We remand to the circuit court for further proceedings pursuant to that charge. We do not retain jurisdiction.