# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DENNIS ALBERT WANGLER,

        Defendant-Appellant.

UNPUBLISHED
January 12, 2017

No. 328937
Wayne Circuit Court
LC No. 15-000568-03-FH

Before: BOONSTRA, P.J., and CAVANAGH and K. F. KELLY, JJ.

PER CURIAM.

Defendant appeals as of right his jury convictions of conducting a criminal enterprise (racketeering), MCL 750.159i(1), two counts of receiving or concealing stolen property with a value of $1,000 or more but less than $20,000, MCL 750.535(3)(a), three counts of organized retail crime, MCL 752.1084, and attempted receiving or concealing stolen property with a value of $1,000 or more but less than $20,000, MCL 750.92; MCL 750.535(3)(a). We affirm.

Defendant first argues that the trial court erred in admitting evidence of items seized from the home of codefendant Carlos Davila (Carlos). We disagree. Defendant's argument that the evidence is irrelevant is preserved, but his argument that the probative value of the evidence is substantially outweighed by the danger of unfair prejudice is unpreserved because he did not object on that ground below. See *People v Aldrich*, 246 Mich App 101, 113; 631 NW2d 67 (2001).

A trial court's decision whether to admit evidence is reviewed for an abuse of discretion, which occurs when the decision falls outside the range of principled outcomes or when the court erroneously interprets or applies the law. *People v Lane*, 308 Mich App 38, 51; 862 NW2d 446 (2014). Any preliminary questions of law are reviewed de novo. *Id.* The unpreserved aspect of defendant's argument is reviewed for plain error affecting substantial rights. See *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Under the plain error rule, a defendant must demonstrate that an error occurred, that it was clear or obvious, and that it affected substantial rights, i.e., that it affected the outcome of the proceedings. *Id.* If these requirements are satisfied, reversal is warranted only when the error resulted in the conviction of an innocent defendant or seriously affected the fairness, integrity, or public reputation of the proceedings. *Id.* at 763-764.

In general, all relevant evidence is admissible, but evidence that is not relevant is not admissible. MRE 402. " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401; see also *People v Mills*, 450 Mich 61, 66-67; 537 NW2d 909, mod on other grounds 450 Mich 1212 (1995). Evidence that is "of consequence to the determination of the action" is "material." *Id*. at 67. Evidence need not be directed to an element of a crime or an applicable defense in order to be deemed material. *Id*. at 67-68. A fact is material if it is within the range of litigated matters in controversy. *Id*. at 68. Any tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence comprises sufficient probative force for the purpose of determining relevance. *Id*.

MRE 403 allows the exclusion of relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice or confusion of the issues.

> All relevant evidence is prejudicial; only *unfairly* prejudicial evidence may be excluded. Unfair prejudice exists when there is a tendency that evidence with little probative value will be given too much weight by the jury. Unfair prejudice may arise where considerations extraneous to the merits of the case, such as jury bias, sympathy, anger, or shock, are injected. [*People v Danto*, 294 Mich App 596, 600; 822 NW2d 600 (2011) (quotation marks and citations omitted).]

Defendant challenges the admission of Michigan State Police Sergeant Andrew Osborne's testimony concerning items recovered from Carlos's home during the execution of a search warrant. The items recovered included $97,000 in cash, buckets of bulk silver, precious gems, Home Depot gift cards, and a 2006 Chevrolet Corvette. Defendant contends that this evidence was irrelevant and unfairly prejudicial because there was no connection established between defendant and the confiscated items. Defendant's argument lacks merit because the evidence comprised proof of the existence and nature of a common criminal enterprise in which both defendant and Carlos participated.

"In order to prove a racketeering violation, the prosecution must prove beyond a reasonable doubt that the defendant was employed by, or associated with, an enterprise and knowingly conducted or participated in the affairs of the enterprise directly or indirectly through a pattern of racketeering activity." *People v Martin*, 271 Mich App 280, 289; 721 NW2d 815 (2006), aff'd 482 Mich 851 (2008). "The general rule is well settled that, where several persons are engaged in one common unlawful enterprise, whatever is said or done by any one of them in the prosecution of the common enterprise, or while it is still in progress, is evidence against all the parties to it." *People v Beller*, 294 Mich 464, 468; 293 NW 720 (1940), quoting *People v Pitcher*, 15 Mich 397, 403-404 (1867). It has likewise been recognized by a federal appellate court

> that proof of the enterprise and pattern elements of racketeering may well entail evidence of numerous criminal acts by a variety of persons. A single pattern of racketeering may be common to a number of defendants and, in such circumstances, even though individual defendants may reasonably claim no direct

participation in the acts of others, evidence of those acts is relevant to the [Racketeer Influenced and Corrupt Organizations Act (RICO)] charges against each defendant. Specifically, the various criminal activities of racketeering confederates are admissible against each defendant to prove: (i) the existence and nature of the RICO enterprise and (ii) a pattern of racketeering activity on the part of each defendant by providing the requisite relationship and continuity of illegal activities. [*United States v Basciano*, 599 F3d 184, 207 (CA 2, 2010) (quotation marks and citations omitted).[1]]

It is also "well settled that in prosecutions for racketeering offenses, the government may introduce evidence of uncharged offenses to establish the existence of the criminal enterprise." *United States v Baez*, 349 F3d 90, 93 (CA 2, 2003); see also *United States v Mejia*, 545 F3d 179, 206 (CA 2, 2008) ("Where, as here, the existence of a racketeering enterprise is at issue, evidence of uncharged crimes committed by members of that enterprise, including evidence of uncharged crimes committed by the defendants themselves, is admissible to prove an essential element of the RICO crimes charged – the existence of a criminal enterprise in which the defendants participated.") (quotation marks and citation omitted).

In this case, defendant was charged with conducting a criminal enterprise (racketeering) in connection with his repeated purchases of stolen goods from the same persons and what appeared to be stolen goods from an undercover police officer. Defendant made these purchases in his capacity as an employee of a business called the Wayne Exchange, of which codefendant Carlos was the owner and codefendant Matthew Davila was another employee. It is reasonable to infer that Carlos, as the owner of the Wayne Exchange, retained the greatest share of proceeds arising from the criminal enterprise. The fact that $97,000 in cash was found in a duffel bag underneath the stairs in Carlos's home, along with other valuable items that could reasonably be concluded to have been acquired with the proceeds of the enterprise, was probative of the existence of the criminal enterprise. It is unlikely that a person would risk keeping such a large amount of cash in his home unless it was related to a criminal activity. Further, the Home Depot gift cards found in Carlos's home were determined to be the same cards that had been sold by an undercover police officer to the Wayne Exchange, further tying the evidence recovered from Carlos's home to the criminal enterprise. It is reasonable to infer that the enterprise was ongoing at the time the evidence was recovered from Carlos's home given that it had been in operation for years and an undercover officer sold goods that were made to appear stolen to the Wayne Exchange less than three weeks before the execution of the search warrant. The evidence concerning the items recovered from Carlos's home was therefore relevant to the existence of the criminal enterprise. There is no indication that the evidence was unfairly prejudicial, let alone that such unfair prejudice substantially outweighed the probative value.

---

[1] "Lower federal court decisions are not binding on this Court, but may be considered on the basis of their persuasive analysis." *People v Fomby*, 300 Mich App 46, 50 n 1; 831 NW2d 887 (2013).

Even if the trial court had erred in admitting the evidence, reversal would not be required. With respect to the unpreserved aspect of his argument, defendant must demonstrate a plain error that affected the outcome of the proceedings. See *Carines*, 460 Mich at 763. Regarding the preserved aspect of his argument, defendant must demonstrate that the error was more likely than not outcome-determinative in that it undermined the reliability of the verdict. See *People v Krueger*, 466 Mich 50, 54; 643 NW2d 223 (2002). The testimony concerning the recovery of items from Carlos's house was not significant in comparison to other evidence of defendant's guilt. There was overwhelming evidence regarding the existence of the criminal enterprise and defendant's key role in that enterprise, including testimony by an undercover police officer who repeatedly sold what appeared to be stolen products to defendant at the Wayne Exchange and from persons who regularly sold actual stolen items to defendant at the Wayne Exchange. The alleged error was not outcome determinative in light of the weight and strength of the untainted evidence. *Id*.

Defendant next argues that the prosecution abused its power in charging him with both racketeering and the offense of organized retail crime. We disagree. Contrary to defendant's assertion on appeal, he did not raise this issue below, and it is therefore unpreserved. See *People v Metamora Water Serv, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007).

A prosecutor has discretion in determining what charges to file. *People v Barksdale*, 219 Mich App 484, 488; 556 NW2d 521 (1996); see also *People v Nichols*, 262 Mich App 408, 415; 686 NW2d 502 (2004) ("The prosecution is given broad charging discretion. The prosecutor has discretion to bring any charges supported by the evidence.") (citation omitted). An abuse of that discretion occurs only if the prosecutor's reasons for filing charges are unconstitutional, illegal, or ultra vires. *Barksdale*, 219 Mich App at 488. "Courts thus review a charging decision under an 'abuse of power' standard, questioning whether a prosecutor has acted in contravention of the constitution or the law." *Id*. "Questions of constitutional and statutory interpretation present questions of law reviewed de novo." *People v Hall*, 499 Mich 446, 452; 884 NW2d 561 (2016). Because this issue is unpreserved, this Court's review is for plain error affecting substantial rights. See *Carines*, 460 Mich at 763-764.

As our Supreme Court recently explained in *Hall*, 499 Mich at 453-454:

> Prosecutors have broad discretion in deciding under which statute they will prosecute a defendant, even if more than one statute is applicable. Statutory interpretation begins with the text of the statutes, and effect must be given to every clause and sentence. The Court must avoid an interpretation that would render any part of the statute surplusage or nugatory. When the Legislature has unambiguously conveyed its intent in a statute, judicial construction is not permitted. If a statute is unambiguous, a court should not apply preferential or dice-loading rules of statutory interpretation. A statute is ambiguous if two provisions irreconcilably conflict or if the text is equally susceptible to more than one meaning. If two provisions can instead be construed to avoid conflict, that construction should control. [Quotation marks, ellipsis, and citations omitted.]

In *Hall*, 499 Mich at 448-449, 463-464, the Supreme Court held that the defendant could be charged with two separate offenses related to his falsification of nominating petitions in a

judicial election. The defendant was charged under both MCL 168.937, a felony offense which prohibited the making of a false document under the Michigan Election Law, and MCL 168.544c(8)(a), a misdemeanor offense that proscribed the specific act of signing another person's name to a nominating petition. *Id*. at 463-464. A significant indicator of the Legislature's intent to allow prosecution under either of two statutes is the fact that the two offenses do not involve the same elements. *Id*. at 455, citing *People v Ford*, 417 Mich 66, 80; 331 NW2d 878 (1982). The Supreme Court concluded in *Hall* that MCL 168.937 required proof of a specific intent to defraud, an element that was not present in the offense set forth in MCL 168.544c. *Hall*, 499 Mich at 455-456. A statutory presumption exists that when two statutes related to the same subject matter or sharing a common purpose conflict, the more recent and more specific statute will control. *Id*. at 458. However, this presumption applies only when the seemingly conflicting statutes are ambiguous. *Id*. MCL 168.937 and MCL 168.544c each defined distinct prohibited conduct, and the defendant could be charged under the plain language of either provision. *Id*. at 458-459. "That the two statutes apply concurrently does not render them ambiguous, where each applies independently to prohibit defendant's conduct. The Legislature frequently and reasonably criminalizes similar instances of misconduct in separate and independent statutes that share common elements." *Id*. at 459 (citation omitted). The Court also concluded that the purpose of MCL 168.544c was not to reduce the severity of punishment for election law forgery; rather, it was to criminalize conduct that falls short of common law forgery but still threatens the integrity of elections. *Id*. "When statutory crimes are distinct, as here, a prosecutor does not abuse his discretion by charging the greater offense." *Id*. at 460.

See also *Ford*, 417 Mich at 80-84 (finding no abuse of prosecutorial discretion in charging the defendant, who forged a credit card slip, with uttering and publishing rather than misuse of a credit card, where the knowing presentation of a forged writing was an element of uttering and publishing but not of misuse of a credit card and the record adequately supported the prosecutor's exercise of his charging discretion); *Genesee Prosecutor v Genesee Circuit Judge*, 386 Mich 672, 683-684; 194 NW2d 693 (1972) (a prosecutor has broad discretion in determining under which of two statutes to file charges; if the two offenses are related but nonetheless separate and distinct, the prosecutor has discretion to charge under either statute or both, if warranted by the facts); *People v Peach*, 174 Mich App 419, 423; 437 NW2d 9 (1989) ("Where a defendant may be charged under two statutes, one general and the other specific, the prosecutor has discretion to charge under either statute if the statutes prohibit different crimes (i.e., an additional element is required to convict the defendant of one of the crimes, but not the other).").

Defendant asserts that the prosecution abused its power by charging him with both organized retail crime and racketeering. He suggests that organized retail crime is the more specific statute that fits the facts of this case. We disagree with defendant's argument.

The provision of the racketeering statute under which defendant was charged, MCL 750.159i(1), provides: "A person employed by, or associated with, an enterprise shall not knowingly conduct or participate in the affairs of the enterprise, directly or indirectly, through a pattern of racketeering activity." The statutory language thus makes plain that, "[i]n order to prove a racketeering violation, the prosecution must prove beyond a reasonable doubt that the defendant was employed by, or associated with, an enterprise and knowingly conducted or participated in the affairs of the enterprise directly or indirectly through a pattern of racketeering activity." *Martin*, 271 Mich App at 289, citing MCL 750.159i(1). " 'Enterprise' includes an

-5-

individual, sole proprietorship, partnership, corporation, limited liability company, trust, union, association, governmental unit, or other legal entity or a group of persons associated in fact although not a legal entity. Enterprise includes illicit as well as licit enterprises." MCL 750.159f(a).

"Pattern of racketeering activity" means not less than 2 incidents of racketeering to which all of the following characteristics apply:

(*i*) The incidents have the same or a substantially similar purpose, result, participant, victim, or method of commission, or are otherwise interrelated by distinguishing characteristics and are not isolated acts.

(*ii*) The incidents amount to or pose a threat of continued criminal activity.

(*iii*) At least 1 of the incidents occurred within this state on or after the effective date of the amendatory act that added this section, and the last of the incidents occurred within 10 years after the commission of any prior incident, excluding any period of imprisonment served by a person engaging in the racketeering activity. [MCL 750.159f(c).]

As explained in *Martin*, 271 Mich App at 290:

"Racketeering" is further defined as "committing, attempting to commit, conspiring to commit, or aiding or abetting, soliciting, coercing, or intimidating a person to commit" certain enumerated offenses for financial gain. MCL 750.159g. Hence, the prosecution must normally prove the commission of each element of the predicate acts of racketeering, in addition to the other elements of racketeering, in order to prove a racketeering violation.

"[T]he Legislature intended racketeering to be a separate and distinct offense, the violation of which may be punished separately from and cumulatively with the underlying predicate offenses." *Martin*, 271 Mich App at 295, citing MCL 750.159j(13) ("Criminal penalties under this section are not mutually exclusive and do not preclude the application of any other criminal or civil remedy under this section or any other provision of law."). Racketeering is "a felony punishable by imprisonment for not more than 20 years or a fine of not more than $100,000, or both." MCL 750.159j(1). The racketeering provision has been in effect since April 1, 1996. See 1995 PA 187.

The Organized Retail Crime Act defines an "organized retail crime" as follows:

"Organized retail crime" means the theft of retail merchandise from a retail merchant with the intent or purpose of reselling, distributing, or otherwise reentering the retail merchandise in commerce, including the transfer of the stolen retail merchandise to another retail merchant or to any other person personally, through the mail, or through any electronic medium, including the internet, in exchange for anything of value.

The provision under which defendant was charged, MCL 752.1084(1), provides in relevant part as follows:

> A person is guilty of organized retail crime when that person, alone or in association with another person, does any of the following:
>
> * * *
>
> (e) Receives, purchases, or possesses retail merchandise for sale or resale knowing or believing the retail merchandise to be stolen from a retail merchant.

Another provision of the Organized Retail Crime Act, MCL 752.1085, states: "This act does not prohibit a person from being charged with, convicted of, or sentenced for any violation of law arising out of the same criminal transaction that violates this act." "Organized retail crime is a felony punishable by imprisonment for not more than 5 years or a fine of $5,000.00, or both." MCL 752.1084(2). The Organized Retail Crime Act became effective on March 31, 2013. See 2012 PA 455.

Defendant's argument that he should not have been charged with racketeering because organized retail crime is the more specific offense that fits the facts of this case is devoid of merit. Defendant has made no effort to identify an ambiguity in either the racketeering statute or the Organized Retail Crime Act that would warrant resort to the dice-loading or preferential rule that the more recent and more specific statute controls. See *Hall*, 499 Mich at 458 (noting that this presumption applies only if the seemingly conflicting statutes are ambiguous). An appellant may not leave it to this Court to unravel or elaborate for him his arguments. *People v Kevorkian*, 248 Mich App 373, 389; 639 NW2d 291 (2001). Defendant's argument has thus been abandoned. *Id*.

In any event, we can discern no ambiguity in the language of the relevant statutory provisions. It is clear from the text of the statutory provisions that the Legislature intended for racketeering and organized retail crime to be separate and distinct offenses. Racketeering requires proof of elements that are not required for a conviction of organized retail crime. In addition to the predicate acts of racketeering, the prosecutor must prove that the defendant was employed by or associated with an enterprise and that the defendant knowingly participated in the affairs of the enterprise through a pattern of racketeering activity. MCL 750.159i(1); *Martin*, 271 Mich App at 289. By contrast, the Legislature has explicitly provided that organized retail crime may be committed by the defendant alone, and there is no requirement to prove that the defendant was employed by or associated with an enterprise or that he participated in the affairs of the enterprise through a pattern of racketeering activity. MCL 752.1084(1). The Legislature's intent to allow prosecution under either statute is thus made plain by the fact that the offenses do not involve the same elements. *Hall*, 499 Mich at 455. The Legislature has made amply clear that racketeering is an offense that is separate and distinct from other criminal offenses, see MCL 750.159j(13); *Martin*, 271 Mich App at 295, and the Legislature has likewise provided in the Organized Retail Crime Act that a defendant may be charged with another offense arising out of the same transaction that led to the organized retail crime charge, see MCL 752.1085. "That the two statutes apply concurrently does not render them ambiguous, where each applies independently to prohibit defendant's conduct." *Hall*, 499 Mich at 459.

Accordingly, we conclude that racketeering and the offense of organized retail crime constitute separate and distinct offenses and, thus, the prosecution did not abuse its discretion by charging both offenses. See *id*. at 460; *Genesee Prosecutor*, 386 Mich at 684. Defendant's claim that he was subjected to arbitrary or discriminatory charging must therefore fail. See *Ford*, 417 Mich at 84 (rejecting a claim of arbitrary or discriminatory charging where the record adequately supported the prosecutor's exercise of his charging authority).

Affirmed.


/s/ Mark T. Boonstra
/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly