*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

DEMETRIS YOUNG,

      Defendant-Appellant.

UNPUBLISHED
June 13, 2019

No. 342632
Wayne Circuit Court
LC No. 17-006608-01-FC

Before: SAWYER, P.J., and O'BRIEN and LETICA, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of assault with intent to do great bodily harm less than murder (AWIGBH), MCL 750.84, intentional discharge of a firearm at a dwelling causing physical injury, MCL 750.234b(3), carrying a dangerous weapon with unlawful intent, MCL 750.226, felon in possession of a firearm (felon-in-possession), MCL 750.224f, and four counts of possession of a firearm during the commission of a felony (felony-firearm), second offense, MCL 750.227b.[1] We affirm.

## I. BACKGROUND

Defendant, Michael Young, Jayne Jackson, and Jonathan Cornell Harris lived together. On July 14, 2017, the roommates got into a dispute over bills and missing hamburger meat, which led to defendant firing a .20 gauge shotgun round through a window to where Young, Jackson, and Harris were watching television. The shot struck Young in the head, but was not fatal.

---

[1] Defendant was found not guilty of three counts of assault with intent to murder, two counts of AWIGBH, and five counts of felony-firearm corresponding to those predicate felonies. Defendant was also originally convicted of a fifth count of felony-firearm, but that conviction was set aside because the corresponding predicate felony was a lesser-included offense of intentional discharge of a firearm at a dwelling causing physical injury.

Defendant was arrested and charged with three counts of assault with intent to murder (AWIM); three counts of AWIGBH; intentional discharge of a firearm at a dwelling causing physical injury; intentional discharge of a firearm at a dwelling; carrying a dangerous weapon with unlawful intent; felon-in-possession; and 10 corresponding felony-firearm charges.

Throughout the proceedings in the lower court, defendant objected to the prosecution's decision to charge defendant with (1) both greater offenses and lesser included offenses and (2) separate felony-firearm charges for the lesser included offenses. The trial court assured defendant that it would instruct the jurors to ensure their understanding of the charges. Defendant was convicted and sentenced as described, and now appeals.

## II. RELIABILITY OF JURY VERDICT

Defendant first argues that the jury's verdict was unreliable because the trial court's instructions, coupled with the volume of charges against defendant and the verdict form, confused the jury. We disagree. Claims of instructional error involving a question of law are reviewed de novo. *People v Dupree*, 486 Mich 693, 702; 788 NW2d 399 (2010).

"A criminal defendant is entitled to have a properly instructed jury consider the evidence against him." *People v Hawthorne*, 474 Mich 174, 184; 713 NW2d 724 (2006). A defendant bears the burden of establishing that the instructional error undermined the reliability of the verdict. See *id*. "Even if instructions are imperfect, reversal is not required if they fairly present the issues to be tried and sufficiently protect the defendant's rights." *People v Chapo*, 283 Mich App 360, 373; 770 NW2d 68 (2009). "Jurors are presumed to follow their instructions, and it is presumed that instructions cure most errors." *People v Mahone*, 294 Mich App 208, 212; 816 NW2d 436 (2011). "Juries are not held to any rules of logic nor are they required to explain their decisions." *People v Putman*, 309 Mich App 240, 251; 870 NW2d 593 (2015). Inconsistent verdicts within a single jury trial are permissible and do not require reversal absent a showing that the jury was confused, misunderstood the instructions, or engaged in impermissible compromise. See *id*.

The trial court here properly instructed the jury on how to consider the 20 felony charges against defendant. For the AWIM and AWIGBH charges, the trial court instructed the jury that it could find defendant not guilty, guilty of the greater offense of AWIM, or guilty of the lesser-included offense of AWIGBH—but not both AWIM and AWIGBH. As to the charges for intentional discharge of a firearm, the trial court instructed the jury that it could find defendant not guilty, guilty of the greater offense of intentional discharge of a firearm at a dwelling causing physical injury, or guilty of the lesser-included offense of intentional discharge of a firearm at a dwelling—but not both offenses. The verdict form then grouped the greater and lesser-included offenses together to simplify the selection process for the jury. We detect nothing improper about these instructions; the trial court fairly presented the issues for the jurors, who are presumed to have followed the trial court's instructions. See *Mahone*, 294 Mich App at 212; *Chapo*, 283 Mich App at 373.

Referring to his felony-firearm convictions, defendant points out that the jury erred in "return[ing] too many guilty verdicts." It is true that the jury found defendant guilty of felony-firearm for his conviction of intentional discharge of a firearm at a dwelling, which was

the lesser-included offense for his conviction of intentional discharge of a firearm at a dwelling causing physical injury. In other words, defendant was convicted of five counts of felony-firearm when he should have only been convicted of four. Defendant argues that this demonstrates the confusing nature of the jury instructions and verdict form, thereby rendering the jury's verdict unreliable.

While defendant is correct that "[i]nconsistent verdicts might be cause for reversal when it is evident that the jury was confused [or] did not understand the instructions," *People v McKinley*, 168 Mich App 496, 510; 425 NW2d 460 (1988), the trial court's order granting defendant's motion to set aside the unwarranted felony-firearm conviction corrected the jury's error. And there is no other possible indication that the jury was confused about the instructions. In fact, for defendant's other felony-firearm charges—the ones corresponding to his three AWIM charges and two additional AWIGBH charges—the jury correctly found defendant not guilty after acquitting him of the underlying felony. This demonstrates that the jury understood the trial court's instructions and verdict form, and that the jury carefully considered each charge separately. In sum, there was nothing confusing or misleading about the jury instructions or verdict form that rendered the jury's verdict unreliable, and defendant's claim of error does not warrant relief.[2]

### III. DOUBLE JEOPARDY

Defendant argues that some of his convictions violate his right against double jeopardy. We disagree. "A double jeopardy challenge presents a question of constitutional law reviewed de novo on appeal." *People v Ackah-Essien*, 311 Mich App 13, 30; 874 NW2d 172 (2015).

"The United States Constitution and the Michigan Constitution prohibit placing a defendant twice in jeopardy for a single offense." *People v Meshell*, 265 Mich App 616, 628; 696 NW2d 754 (2005); see also US Const, Am V; Const 1963, art 1, § 15. The prohibition against double jeopardy provides three related protections: "(1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for

---

[2] Defendant appears to argue that the prosecution "over-charg[ed]" defendant by indicting him for 20 separate felonies for one criminal act. Because defendant failed to cite any authority supporting his claim or otherwise rationalize the basis for his claim, we deem the issue abandoned. See *People v Kevorkian*, 248 Mich App 373, 389; 639 NW2d 291 (2001). But even briefly considering the issue, "it is generally permissible for a prosecutor to charge in a single information all offenses which do arise out of a single criminal transaction or occurrence." *People v Herndon*, 246 Mich App 371, 391; 633 NW2d 376 (2001). While charging a defendant with 20 counts may be rare, each charge here was supported by the evidence, and defendant fails to provide any illegitimate reason for the prosecutor's charging decision. See *People v Barksdale*, 219 Mich App 484, 487; 556 NW2d 521 (1996) (explaining that the test for prosecutorial overcharging is whether the charging decision was made for reasons that were unconstitutional, illegal, or ultra vires). The sheer number of charges in a felony information does not establish that the prosecutor abused her power in charging a defendant.

the same offense after conviction; and (3) it protects against multiple punishments for the same offense." *People v Nutt*, 469 Mich 565, 574-575; 677 NW2d 1 (2004).

Defendant here argues that his convictions violate his protection against multiple punishments for the same offense. As this Court explained in *People v Garland*, 286 Mich App 1, 4-5; 777 NW2d 732 (2009):

> To determine whether a defendant has been subjected to multiple punishments for the "same offense," we must first look to determine whether the Legislature expressed a clear intention that multiple punishments be imposed. *People v Smith*, 478 Mich 292, 316; 733 NW2d 351 (2007). Where the Legislature clearly intends to impose such multiple punishments, there is no double jeopardy violation. *Id*.

For example, this Court has held that when the Legislature stated that "[i]mposition of a penalty under this section does not bar imposition of a penalty under any other applicable law," it expressed a clear intent to authorize multiple punishments, and, therefore, imposing multiple punishments for the same offense was not a double-jeopardy violation. *People v Conley*, 270 Mich App 301, 311; 715 NW2d 377 (2006); *People v Shipley*, 256 Mich App 367, 378; 662 NW2d 854 (2003).

Defendant argues that his convictions of AWIGBH and intentional discharge of a firearm at a dwelling causing physical injury are the same offense. Defendant also argues that his conviction for intentional discharge of a firearm at a dwelling causing physical injury is the same offense as his conviction for carrying a dangerous weapon with unlawful intent.

The AWIGBH statute, MCL 750.84(3), reads: "This section does not prohibit a person from being charged with, convicted of, or punished for any other violation of law arising out of the same conduct as the violation of this section." Likewise, the statute prohibiting the discharge of a firearm at a dwelling or occupied-structure provides: "This section does not prohibit an individual from being charged with, convicted of, or punished for any other violation of law that is committed by that individual while violating this section." MCL 750.234b(8). In our opinion, this statutory language shows the Legislature's clear intent to permit multiple punishments. Thus, defendant's convictions for AWIGBH, intentional discharge of a firearm at a dwelling causing physical injury, and carrying a dangerous weapon with unlawful intent do not violate the constitutional prohibition against double jeopardy.

Affirmed.

/s/ David H. Sawyer
/s/ Colleen A. O'Brien
/s/ Anica Letica