*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

PATRICK NOVOSAD,

        Defendant-Appellee.

UNPUBLISHED
January 25, 2024

No. 364356
Tuscola Circuit Court
LC No. 2022-015854-FH

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

MATTHEW LOMPREY,

        Defendant-Appellee.

No. 364357
Tuscola Circuit Court
LC No. 2022-015855-FH

Before: GADOLA, C.J., and MURRAY and YATES, JJ.

PER CURIAM.

In these consolidated appeals,[1] the prosecution appeals as of right the trial court's orders dismissing with prejudice the charges against defendants of one count each of assault with a dangerous weapon (felonious assault), MCL 750.82, and aggravated assault, MCL 750.81a. We reverse.

## I. BACKGROUND

---

[1] *People v Novosad*, unpublished order of the Court of Appeals, entered January 17, 2023 (Docket Nos. 364356 and 364357).

-1-

Defendants were accused of felonious and aggravated assault of two individuals in May 2022. The facts of the underlying charges are not relevant to this appeal. The Genesee County Prosecutor's Office was appointed as special prosecutor after the Tuscola County Prosecutor showed good cause for recusal. On the original plea cut-off date, August 22, 2022, the parties and the trial court agreed to extend the deadline because of communication difficulties between defendants' counsel and the prosecution. At the adjourned plea cut-off hearings held on October 3, 2022, the parties and trial court again agreed to an extension because of defendants' counsel's medical issues. Before the November 7, 2022 plea cut-off hearing, the parties reached a plea agreement which entailed pleading to misdemeanor charges in exchange for the dismissal of the felony charges. The parties filed a stipulated motion to remand to district court. On November 10, 2022, the trial court denied the stipulated remand order, leaving trial scheduled for December 13, 2022.

On December 8, 2022, the prosecution moved for *nolle prosequi* and to dismiss the charges against defendants without prejudice. The motion indicated the charges against defendants would be refiled as misdemeanors in the district court. The trial court denied the request to dismiss the charges without prejudice and instead dismissed the charges *with* prejudice. The trial court relied on an unpublished opinion of this Court, which establishes a trial court can sanction the prosecution with dismissal of charges if the prosecution attempts to use a motion for *nolle prosequi* to usurp the trial court's ability to control its docket and courtroom. The prosecution now appeals.

On appeal, defendants moved to expand the record to file the affidavits of Michael D. Thomas, the Genesee County Special Prosecutor, and Jeffrey Clothier, trial counsel for both defendants. This Court granted the motion and accepted the affidavits into the record. The affidavits provide some context to the procedural history.

Clothier's affidavit explains that he met with the Genesee County prosecutor David S. Leyton on November 3, 2022, and they reached a plea agreement that entailed the defendants pleading guilty to one misdemeanor each in exchange for the prosecutor moving to dismiss both felonies without any sentence agreement. On November 7, 2022, Clothier and Thomas (the special prosecutor) appeared for the plea cut-off hearing. Apparently, the trial court had a busy docket that day so Clothier suggested they take the misdemeanor plea in district court to save time for the circuit court. When they conferred with the circuit court clerk regarding their plan, the clerk indicated that the prosecutor would have to file a motion to dismiss in circuit court before proceeding with the pleas in district court. Thus, Clothier prepared and filed the motion to remand while Thomas prepared and filed the motion to *nolle prosequi*. Clothier and Thomas believed that they timely resolved the cases and that the guilty pleas would be taken at a future time to be set by the district court.

On December 7, 2022, the parties received an email from the circuit court clerk asking if the parties were proceeding to trial on December 10, 2022. Thomas replied that the parties agreed to remand the cases to district court to plead to a misdemeanor rather than the felonies charged. Then on December 17, 2022, the circuit court notified both parties that the court had rejected the motion to remand and that in response to the people's motion to dismiss without prejudice the court had dismissed the cases with prejudice. The prosecution then filed this appeal. Lastly, the affidavits state that both parties remain in support of their plea agreement.

## II. DISCUSSION

The prosecution argues the trial court abused its discretion by dismissing the charges against the defendants with prejudice because this was an improper infringement on the exercise of the prosecution's charging power as part of the executive branch of government. We agree.

### A. STANDARD OF REVIEW

This Court "review[s] for an abuse of discretion a circuit court's decision on a motion to dismiss." *People v Witkoski*, 341 Mich App 54, 59; 988 NW2d 790 (2022). "An abuse of discretion occurs when the trial court's outcome falls outside the range of reasonable and principled outcomes." *People v Meeker (On Remand)*, 340 Mich App 559, 563; 986 NW2d 622 (2022) (citation omitted). However, "a trial court necessarily abuses its discretion when it makes an error of law[.]" *People v Zitka*, 325 Mich App 38, 43-44; 922 NW2d 696 (2018) (quotation marks, citation, and alteration omitted). We review a charging decision under an "abuse of power" standard, "questioning whether a prosecutor has acted in contravention of the constitution or the law." *People v Barksdale*, 219 Mich App 484, 488; 556 NW2d 521 (1996).

### B. LAW AND ANALYSIS

The trial court abused its discretion by interfering with the prosecution's charging power, which the prosecutor attempted to exercise by reaching a plea agreement with defendants to remand to the district court to charge defendants with misdemeanors without a sentencing agreement.

This case involves the intersection of two areas of law. Pertinently, the trial court focused on its inherent ability to control its docket, which includes the ability to sanction litigants, including the prosecution, via dismissal of charges. The prosecution, on the other hand, focuses on its charging power, which is an executive-branch function, and therefore implicates the separation-of-powers doctrine. "It is well settled that the decision whether to bring a charge and what charge to bring lies in the discretion of the prosecutor." *People v Conat*, 238 Mich App 134, 149; 605 NW2d 49 (1999), quoting *People v Venticinque*, 459 Mich 90, 100; 586 NW2d 732 (1998) (quotation marks omitted). "The prosecutor is a constitutional officer whose duties are as provided by law." *Genesee Prosecutor v Genesee Circuit Judge*, 386 Mich 672, 683; 194 NW2d 693 (1972), citing Const 1963, art VII, § 4. As such, when the prosecutor performs those duties on behalf of the people of the state it is an act of the executive branch of government. See *Genesee Prosecutor*, 386 Mich at 683; see also *Conat*, 238 Mich App at 149 (holding that the duty of the prosecutor to charge defendants "is grounded in the responsibility of the executive branch to enforce the laws."). If the judicial branch sought to control or overly regulate "the institution and conduct of prosecutions[,]" then there "would be an intrusion on the power of the executive branch of government and a violation of the constitutional separation of powers." *Genesee Prosecutor*, 386 Mich at 684.

Stated differently, "the prosecutor is the chief law enforcement officer of the county and has the right to exercise broad discretion in determining under which of two arguably applicable statutes a prosecution will be instituted." *People v Yeoman*, 218 Mich App 406, 414; 554 NW2d 577 (1996). "This is true even where one applicable offense is a felony and one is a misdemeanor."

*Id*. (citation omitted). Considering the broad discretion provided to the prosecutor in deciding what to charge, "judicial review of the exercise of that discretion is limited…." *Conat*, 238 Mich App at 149. Indeed, "[t]he prosecutor has discretion to bring any charges supported by the evidence." *People v Nichols*, 262 Mich App 408, 415; 686 NW2d 502 (2004). In other words, "[i]f warranted by the facts, the prosecutor has the discretion to proceed under any applicable statute." *Yeoman*, 218 Mich App at 414. When there is evidence "available to support a charge under either statute," the prosecutor's broad charging power can only be abused when the prosecutor's choice was "made for reasons that [we]re 'unconstitutional, illegal, or ultra vires.' " *Barksdale*, 219 Mich App at 488, quoting *People v Morrow*, 214 Mich App 158, 161; 542 NW2d 324 (1995).

It is clear that the prosecution can abuse its charging power in two ways: by charging a crime that is not "warranted by the facts" or by making the decision to charge a certain crime "for reasons that are unconstitutional, illegal, or ultra vires." *Barksdale*, 219 Mich App at 488 (quotation marks and citation omitted); *Yeoman*, 218 Mich App at 414. The trial court here did not raise any issues with the facts of the case and whether those facts supported the charges. Instead, the trial court focused its analysis on a trial court's inherent ability to control its docket and the courtroom. "Trial courts possess the inherent authority to sanction litigants and their counsel, including the right to dismiss an action." *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). Specifically with respect to a motion for *nolle prosequi*, "once an information has been filed, it shall not be lawful for the prosecuting attorney to enter a nolle prosequi or in any other way to discontinue or abandon the same, without stating on the record the reasons therefor and without the leave of the court . . . ." *Genesee County Prosecutor v Genesee Circuit Judge*, 391 Mich 115, 120; 215 NW2d 145 (1974) (quotation marks and citation omitted). The trial court's review of a *nolle prosequi* motion is "a judicial review, [which requires] searching the record to determine whether the [] prosecutor's decision is in accord with the law, facts and reason of the matter." *Id*. at 121. However, the separation-of-powers doctrine requires that the trial court not be given "supervisory power over a prosecuting attorney," and instead, the trial court can only interfere after determining the prosecutor "abused the power confided to them." *Id*.

When deciding this case, the trial court relied on *People v Borowka*, unpublished per curiam opinion of the Court of Appeals, issued September 17, 2019 (Docket No. 346398). In that case, this Court affirmed a trial court's decision to dismiss a criminal action with prejudice instead of granting a prosecutor's motion for *nolle prosequi* and to dismiss the charges without prejudice. *Id*. at 1. The basis for the trial court's decision in *Borowka* was that the prosecution was attempting to use the dismissal "solely [] to 'get around' the court's decision not to adjourn the trial." *Id*. This Court agreed the prosecution's attempt to avoid trial after an adjournment had been denied was a sufficient reason for the trial court to deny the motion for *nolle prosequi*. *Id*. at 8. Further, this Court determined the dismissal with prejudice was a sanction within the range of principled outcomes in light of the trial court's " 'fundamental interest in protecting its own integrity and that of the judicial process.' " *Id*., quoting *Maldonado*, 476 Mich at 388.

The present case is not similar to *Borowka*, nor is *Borowka* binding on us. MCR 7.215(C)(1). Here, the prosecution and defendants were in apparent agreement regarding how to move forward with the case—remand to the district court to reissue charges as misdemeanors. When the trial court refused to enter the stipulated order, the prosecution moved for *nolle prosequi*, explaining the charges would be refiled as misdemeanors. There was no evidence the prosecution

-4-

was trying to avoid orders of the trial court nor that it was attempting to gain an advantage over the defense. The defendant in *Borowka* opposed the prosecution's decision to move for *nolle prosequi*; the same simply is not true in the present case. The defendant in *Borowka* also alleged he would suffer prejudice if the charges were to be dismissed and refiled, which again is not present in this case. The record suggests defendants and the prosecution agreed to remand to the district court so the charges could be reduced, and that the staff of the trial court had been advised of this approach.

The trial court decided to insert itself in this agreement and sanction the prosecution for perceived procedural gamesmanship that does not appear to have occurred. Given the record and procedural history of this case, there is no support to conclude the prosecution's decision to move for *nolle prosequi* was unlawful, unconstitutional, or ultra vires. *Barksdale*, 219 Mich App at 488. The trial court's reliance on *Borowka* undoubtedly is misplaced where there was no evidence the prosecution moved for *nolle prosequi* to avoid the trial court's decision to go forward with trial or to gain an advantage on the defense. The prosecution did not abuse its power when it moved for *nolle prosequi*, and therefore the trial court abused its discretion when it denied the motion and dismissed the charges with prejudice. *Genesee County Prosecutor*, 391 Mich at 120-121. In light of the lack of bad faith on the part of the prosecution, the trial court's order of dismissal was not a sanction on the basis of the trial court's inherent ability to control its docket, but was instead an invasion of the prosecution's charging power, which is a power belonging to the executive branch. *Id*. Consequently, we must reverse the trial court's dismissal with prejudice.

## III. CONCLUSION

We reverse the trial court's order dismissing the charges with prejudice and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Christopher M. Murray
/s/ Christopher P. Yates